IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREW P. RASH and APRIL RASH, | § § § | No. 214, 2016 |
| Plaintiffs Below-Appellants, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | |
| JUSTIN C. MOCZULSKI and DIAMOND MATERIALS, LLC, | § § § | C.A. No. N13C-06-068 |
| Defendants Below-Appellees. | § § § | |

Submitted: November 2, 2016
Decided: December 15, 2016

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

Upon appeal from the Superior Court. **AFFIRMED**.

Lawrance Spiller Kimmel, Kimmel, Carter, Roman, Peltz & O'Neill, Christiana, Delaware, for Appellants, Andrew P. Rash and April Rash.

Richard D. Abrams (*argued*), Timothy H. Rohs, and Steven F. Mones, Mintzer, Sarowitz, Zeris, Ledva & Meyers, Wilmington, Delaware, for Appellees / Cross-Appellants, Justin C. Moczulski and Diamond Materials.

**VAUGHN**, Justice

This is a personal injury, auto accident case in which a jury found that the appellants, plaintiffs below, Andrew P. Rash and April Rash, "sustained one or more injuries proximately caused by" negligence on the part of the appellee, defendant below, Justin C. Moczulski, but returned a zero verdict.[1] The plaintiffs moved for a new trial. The Superior Court denied the motion for a new trial but imposed an additur of $10,000. The plaintiffs appealed and assert two claims: (1) the trial court's denial of their motion for a new trial was an abuse of discretion and (2) the award of $10,000 for additur was unreasonable. The defendants, Moczulski and Diamond Materials, LLC, cross-appealed, contending that the motion for a new trial should have been denied without additur.

We have previously observed that additur may be granted on motion of either the plaintiff or the defendant or *sua sponte* by the trial court.[2] It appears that it was created here *sua sponte* by the court. In this case there were significant disputed issues concerning the nature and extent of Mr. Rash's injuries as well as alleged failure on his part to mitigate his injuries through treatment. In its order denying the plaintiffs' motion for a new trial, the trial court observed that "the exact nature and extent of Plaintiff's injury [and] Plaintiff's failure to mitigate his injuries through

---

[1] Appellant's Opening Br. Ex. B, at 1.
[2] *Reid v. Hindt*, 976 A.2d 125 (Del. 2009).

2

treatment made identifying and compensating the injury quite problematic,"[3] an observation with which we agree. Under the circumstances of this case, we see no abuse of discretion in the trial court's decision to award an additur.

Where a court does award additur, it increases the award to the absolute minimum amount that the record requires.[4] The plaintiffs contend that the award of $10,000 was unreasonable. Specifically, the plaintiffs contend that the additur is inadequate because it fails to award any damages for pain and suffering or for future medical expenses. We find, however, that the trial court did not abuse its discretion in deciding that $10,000 was an appropriate additur, a finding which we limit to the facts of this case.

Since we think that the grant of additur and the amount set is not an abuse of the trial court's discretion, the judgment of the Superior Court will be affirmed. We take this opportunity, however, to clarify the rules of additur.

The form of the trial court's order denies the motion for a new trial. Normally, additur is not considered unless the trial court first determines that the motion for a new trial should be granted. If the court decides that the motion should be denied, the matter is ended and there is no need to consider additur. It could be in this case

---

[3] *Rash v. Moczulski*, 2016 WL 2982253, at *3 (Del. Apr. 25, 2016).
[4] *Murphy v. Thomas*, 801 A.2d 11 (Del. 2002) (Table).

3

where the verdict was zero that this may involve more form than substance. At one point in its order, the trial court does recognize that the plaintiffs were entitled to additur or a new trial. It is not our intent to be critical, but only to point out that additur is not properly considered unless the trial court first decides that the motion for a new trial should be granted. Normally, where additur is awarded, the trial court would grant the motion for a new trial subject to the defendant's acceptance of the additur. If the defendant accepts the additur, the court can then refuse the new trial. If the defendant rejects the additur, the new trial goes forward.

In addition, the trial court's order does not give the defendants an option to accept or reject the additur. It was error for the trial court not to give the defendants the option of accepting the additur or a new trial if they rejected the additur. A defendant's right to a jury trial requires that it be given this option.[5] As we stated in *Reid v. Hindt*, "[w]hen a court awards additur, on motion of either party or *sua sponte*, the defendant is being required to pay more than the amount awarded by the jury. Thus, the defendant is adversely affected and is given the option of a new trial."[6] At oral argument before us, counsel for the defendants indicated that they would now accept the additur. We deem the trial court's error cured by the

[5] *Id.* at 127.
[6] *Id.* at 131.

4

defendants' acceptance of additur at oral argument in this court.

Therefore, the judgment of the Superior Court is affirmed.