# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHANNON SELBY,                    )
                                  )
    Claimant-Appellant,        )
                                  )
    v.                         )      C.A. No. N16A-02-009 ALR
                                  )
TALLEY BROTHERS, INC.,            )
                                  )
    Employer-Appellee.         )

## ORDER

*On Appeal from the Industrial Accident Board*
**AFFIRMED**

Submitted: December 13, 2016
Decided: March 1, 2017

This is an appeal from the Industrial Accident Board ("Board"). Claimant-Appellant Shannon Selby ("Claimant") appeals from the February 3, 2016 Board decision denying Claimant's Petition to Determine Compensation. Employer-Appellee Talley Brothers, Inc. ("Employer") opposes Claimant's appeal. Upon consideration of Claimant's appeal and Employer's opposition thereto; the facts, arguments, and legal authority set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Claimant alleges that he was injured on July 6, 2014, while working as a laborer for Employer on the I-495 bridge in Wilmington, Delaware ("Bridge"), and that he is entitled to workers' compensation.

2. On the day of the incident, the Bridge was closed to traffic for repairs. Claimant was operating a jackhammer inside a manhole on the Bridge's southbound lane. A makeshift wooden enclosure surrounded the manhole. As a required safety precaution, Claimant was affixed to a retractable harness. A long metal wire ("Lanyard") tethered Claimant's harness to the northbound wall of the Bridge.

3. At approximately 8:00 p.m., an unauthorized vehicle entered the Bridge traveling at a high rate of speed, weaving through barriers and equipment. It is undisputed that the vehicle eventually entered the southbound lane of the Bridge and struck Claimant's Lanyard. However, the parties dispute whether Claimant's harness was still attached to the Lanyard at the time the vehicle made contact.

4. Employer maintains that the vehicle was brought to a complete stop while Claimant was unhooked from the harness, and that the vehicle did not strike Claimant's Lanyard until after the vehicle restarted travel and Claimant was detached. In contrast, Claimant alleges that Claimant's harness was still attached to the Lanyard when the vehicle made contact. Claimant maintains that the vehicle snagged Claimant's Lanyard, causing Claimant to be jolted from the manhole. Claimant asserts that Claimant crashed through the wooden enclosure and was

2

dragged by the vehicle for a short distance. Claimant alleges that Claimant sustained multiple injuries as a result of the accident.

5. On June 1, 2015, Claimant filed a Petition to Determine Compensation with the Board, seeking total disability and medical expenses for injuries arising from the July 6, 2014 accident. Employer opposed Claimant's Petition to Determine Compensation on the grounds that (1) the accident did not occur in the manner that Claimant described; and (2) Claimant did not sustain injuries as a result of the accident.

6. The parties stipulated for a hearing and decision on Claimant's Petition to Determine Compensation by a workers' compensation Hearing Officer,[1] and a hearing on the merits took place on November 19, 2015. When a hearing officer presides over a workers' compensation case by stipulation, the hearing officer has the same adjudicatory authority as the Board.[2] Accordingly, the Hearing Officer's decision is subject to review on the same basis as a Board decision.[3]

7. The Hearing Officer considered the testimony of (1) Claimant; (2) Corporal Troy Pezzuto, a Delaware State Police officer who investigated the

---

[1] 19 *Del. C.* § 2301B(a)(4).
[2] *Id.*
[3] *Id.*

3

incident on July 7, 2014;[4] (3) Archie Williams, a laborer who witnessed the incident; (4) Robert Heath, a foreman who was present at the worksite but did not witness the incident; (5) Kelly Grimes, a laborer who witnessed the incident; (6) Eric Pittman, a supervising laborer who witnessed the incident; (7) Ronald Killen, Employer's co-owner who investigated the incident on July 7, 2014; (8) Employer's expert Dr. John Townsend, a certified neurologist who conducted a physical examination of Claimant and reviewed Claimant's medical records; (9) Claimant's expert Dr. Stephen Ficchi, a pain management physician who began treating Claimant on July 10, 2014.

8.    By Decision dated February 3, 2016, the Hearing Officer denied Claimant's Petition to Determine Compensation ("Hearing Officer's Decision").[5] Upon consideration of the witnesses' conflicting accounts of the incident, the Hearing Officer found that Claimant failed to establish that the July 6, 2014 accident occurred in a manner that caused the injuries claimed.[6] The Hearing Officer found that Claimant did not break through the wooden enclosure and was not dragged by the vehicle in the manner that Claimant described.[7] The Hearing Officer found that Claimant failed to produce credible evidence establishing that

---

[4] Police apprehended the driver of the vehicle following an investigation. On April 9, 2015, the driver pleaded guilty to Reckless Endangering First Degree and Assault Second Degree.

[5] *Selby v. Talley Bros., Inc.*, No. 1416856 (Del. I.A.B. Feb. 3, 2016).

[6] *Id.* at 34.

[7] *Id.* at 37–38.

the accident caused injury, and failed to prove by a preponderance of the evidence that Claimant was entitled to compensation.[8]

9. On February 29, 2016, Claimant appealed from the Hearing Officer's Decision to this Court. Claimant asserts that the Hearing Officer's Decision is not supported by substantial evidence. Employer opposes Claimant's appeal.

10. This Court has statutorily conferred jurisdiction over appeals from administrative agencies, including appeals from the Board.[9] On appeal from a Board decision, this Court's role is limited to determining whether the Board's conclusions are supported by substantial evidence and free from legal error.[10] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] This Court reviews the Board's legal determinations *de novo*.[12] "Absent errors of law, however, the standard of appellate review of the IAB's decision is abuse of discretion."[13]

11. When factual conclusions are at issue on appeal from a Board decision, this Court must "take due account of the experience and specialized

---

[8] *Id.* at 43–44.

[9] 29 *Del. C.* § 10142(a).

[10] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[11] *Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[12] *Guardado*, 2016 WL 6958703, at *3; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

[13] *Glanden*, 918 A.2d at 1101 (citing *Digiacomo v. Bd. of Pub. Educ.*, 507 A.2d 542, 546 (Del. 1986)).

competence of the agency and of the purpose of the basic law under which the agency has acted."[14] This Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[15] "[T]he sole function of the Superior Court, as is the function of [the Delaware Supreme Court] on appeal, is to determine whether or not there was substantial evidence to support the finding of the Board, and, if it finds such in the record, to affirm the findings of the Board."[16]

12. For the reasons set forth below, this Court finds that the Hearing Officer's Decision is supported by substantial evidence and free from legal error.

13. The Hearing Officer notes that despite the inconsistent testimony regarding the specific sequence of events, the eyewitnesses of the accident testified that Mr. Pittman was the one who unhooked the Lanyard from Claimant's harness.[17] Mr. Pittman testified that Mr. Pittman stopped the vehicle before the vehicle made contact with the Lanyard.[18] Mr. Pittman specifically stated that he instructed Claimant to stand up inside the manhole so that Claimant could be

---

[14] 29 *Del. C.* § 10142(d).

[15] *Christiana Care Health Servs. v. Davis*, 127 A.2d 391, 394 (Del. 2015); *Johnson*, 213 A.2d at 66.

[16] *Johnson*, 213 A.2d at 66.

[17] *Talley Bros., Inc.*, No. 1416856, at 36.

[18] *Selby v. Talley Bros., Inc.*, No. 1416856, at 123:19–124:25 (Del. I.A.B. Feb. 3, 2016) (TRANSCRIPT).

6

detached from the harness before the vehicle made contact with Lanyard.[19]

Although Mr. Pittman testified that Claimant's Lanyard was eventually snagged by the vehicle's tires once the vehicle restarted travel,[20] the record supports the Hearing Officer's observation that Mr. Pittman was "unyielding in his assertion that he unhooked this restraint before entanglement with the tire occurred."[21]

14.     Contrary to Claimant's account of the incident, Mr. Pittman provided clear and unequivocal testimony that Claimant was not jolted from the manhole and dragged in the manner that Claimant described.[22]  In support of his testimony, Mr. Pittman noted that Claimant was in Mr. Pittman's line of sight during the accident,[23] and that the wooden enclosure surrounding the manhole was not damaged, broken, or jarred loose.[24]

15.     The testimony of Mr. Grimes also supports the Hearing Officer's factual conclusions.  Consistent with Mr. Pittman's testimony, Mr. Grimes testified that Mr. Grimes and Mr. Pittman stopped the vehicle as the vehicle entered the worksite.[25]    Mr. Grimes unequivocally testified that Mr. Pittman detached

---

[19] *Id.* at 124:9–24.
[20] *Id.* at 125:12–16.
[21] *Talley Bros., Inc.*, No. 1416856, at 37.
[22] *Id.* at 37.
[23] *Selby v. Talley Bros., Inc.*, No. 1416856, at 137:12–13 (Del. I.A.B. Feb. 3, 2016) (TRANSCRIPT).
[24] *Id.* at 136:3–15.
[25] *Id.* at 100:13–101:11.

Claimant from the Lanyard before the Lanyard was caught in the vehicle's tires.[26] Moreover, Mr. Grimes testified that he did not see Claimant crash through the wooden enclosure, Claimant was not dragged by the vehicle, and that Mr. Grimes surely would have noticed such an occurrence.[27] The Hearing Officer found that Mr. Grimes's testimony effectively refuted Claimant's account of the accident, despite the fact that Mr. Grimes testified on Claimant's behalf.[28]

16. Additionally, the Hearing Officer reasonably found that "the lack of any reference to abrasions or contusions in the medical record where Claimant alleges breaking through a wooden barrier and being dragged fifteen feet casts serious doubt on Claimant's account of the event."[29] The Hearing Officer discredited the opinion of Claimant's medical expert regarding the relationship of the work accident to Claimant's alleged injuries. Instead, the Hearing Officer credited the opinion of Employer's medical expert, who testified that Claimant's injuries were primarily based on subjective complaints and could not be related to the work accident to a reasonable degree of medical probability.[30]

---

[26] *Id.* at 100:18–102:17.
[27] *Id.* at 109:4–22.
[28] *Talley Bros., Inc.*, No. 1416856, at 36, 39.
[29] *Id.* at 41–42. *See also id.* at 41 ("Detrimental to Claimant's allegations of injury, given the conflicting accounts, is that none of the medical records contemporaneous to the event indicate that Claimant had even one contusion or abrasion.").
[30] *See* Townsend Dep. at 14:3–16:14; 35:11–17.

17. It is well-established that the Board may reconcile competing medical testimony by crediting the opinion of one expert over another.[31] Where the Board elects to adopt one expert opinion over another, the adopted opinion constitutes substantial evidence for the purpose of appellate review.[32] Moreover, Delaware law permits the trier of fact to reject an expert medical opinion where the opinion is substantially based on the patient's subjective complaints and the trier of fact finds that the underlying facts of the case are different.[33]

18. This Court disagrees with Claimant's assertion that "the Hearing Officer in the present case fails to articulate why Mr. Pittman and Mr. Grimes are more credible."[34] To the contrary, the Hearing Officer specifically states that "Mr. Pittman provides the most thorough account of the incident, describing the hole and positions of the people present, and he seems objective, clear and concise."[35] The Hearing Officer found that the specificity of Mr. Pittman's recollection

---

[31] *Whitney v. Bearing Const., Inc.*, 2014 WL 2526484, at *2 (Del. May 30, 2014); *Steppi v. Conti Elec., Inc.*, 2010 WL 718012, at *3 (Del. Mar. 2, 2010).

[32] *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 113, 136 (Del. 2006); *Bacon v. City of Wilmington*, 2014 WL 1268649, at *2 (Del. Super. Jan. 31, 2014).

[33] *See Cooke v. Murphy*, 2014 WL 3764177, at *2 (Del. July 30, 2014) (citing *Amalfitino v. Baker*, 794 A.2d 575, 578 (Del. 2001)); *Breeding v. Contractors–One–Inc.*, 549 A.2d 1102, 1104 (Del. 1988); *Hardy v. E. Quality Vending*, 2015 WL 2378903, at *6 (Del. Super. May 12, 2015); *Campbell v. Whorl*, 2008 WL 4817078, at *5 (Del. Super. Oct. 30, 2008).

[34] Claimant's Opening Br. at 14–15.

[35] *Talley Bros., Inc.*, No. 1416856, at 38.

enhanced the credibility of his testimony.[36] Moreover, the Hearing Officer notes that "Mr. Grimes, as well, is sincere and comes across as honest and forthright,"[37] and that "while their testimony is consistent, it does not come across as rehearsed, rather it is believable."[38] Finally, the Hearing Officer's Decision specifically sets forth the reasons why she found Mr. Williams and Claimant less convincing.[39]

19. This Court also disagrees that the Hearing Officer committed reversible error by electing to credit eyewitness testimony despite certain inconsistencies with Corporal Pezzuto's investigation notes. Rather, the Hearing Officer's Decision clearly indicates why Corporal Pezzuto's account of the accident was not afforded greater weight. Specifically, the Hearing Officer notes that (1) Corporal Pezzutto's interviews were unrecorded; (2) the witnesses were under oath during the November 19, 2015 hearing, and not under oath when interviewed by Corporal Pezzuto on July 7, 2014; (3) Corporal Pezzutto's investigation focused on identifying and locating the driver of the vehicle, not on determining the extent of Claimant's injuries or whether the injuries were compensable; and (4) Corporal Pezzuto was not on the Bridge when the accident occurred.[40]

---

[36] *Id.* at 37–41.
[37] *Id.* at 38.
[38] *Id.*
[39] *See id.* at 40–41.
[40] *Id.* at 39–40.

10

20.     By crediting Mr. Pittman's and Mr. Grimes's version of the incident as the most persuasive, consistent, and comprehensive, the Hearing Officer made a permissible credibility determination in order to reconcile inconsistent factual testimony.[41] The Delaware Supreme Court has made it abundantly clear that "[t]he function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the Board."[42] "Only where there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or [the Delaware Supreme Court] for that matter, overturn it."[43]

21.     This Court finds satisfactory proof that a reasonable mind may accept as adequate to support the Hearing Officer's conclusion that Claimant failed to establish by a preponderance of the evidence that the July 6, 2014 accident occurred in a manner that caused the injuries claimed. Accordingly, the Hearing Officer's Decision is supported by substantial evidence, free from legal error, and must be affirmed.

---

[41] *See Davis*, 127 A.2d at 394; *Simmons*, 660 A.2d at 388.

[42] *Simmons v. Delaware State Hosp.*, 660 A.2d 384, 388 (Del. 1995) (citing *Breeding v. Contractors–One–Inc.*, 549 A.2d at 1106); *Martin v. State*, 2015 WL 1548877, at *3 (Del. Super. Mar. 27, 2015).

[43] *Streett v. State*, 669 A.2d 9, 11 (Del. 1995) (quoting *Johnson*, 213 A.2d at 67).

**NOW, THEREFORE,** this 1st day of March, 2017, the February 3, 2016 Hearing Officer's Decision denying Claimant's Petition to Determine Compensation is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**