# SUPERIOR COURT
## OF THE
# STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
302-735-2111

July 12, 2018

Edward C. Gill, Esq.
Law Office of Edward C. Gill & Associates
16 North Bedford Street
P. O. Box 824
Georgetown, DE 19947

Nancy Chrissinger Cobb, Esq.
Ronald W. Hartnett, Jr., Esq.
Three Mill Road
Suite 301
Wilmington, DE 19806

RE: *Francienne Amisial & Gerard Donat v. George Scott*
     **K15C-12-027 JJC**

Submitted: June 19, 2018
Decided: July 12, 2018

Counsel:

This letter provides the Court's decision regarding three pending motions: one for a new trial, one for reargument, and one for trial costs. First, Plaintiffs Francienne Amisial and Gerard Donat (hereinafter collectively "Plaintiffs") move for a new trial after a three day jury trial starting May 29, 2018. The jury found Defendant George Scott (hereinafter "Mr. Scott") liable for a March 25, 2015 collision but awarded Plaintiffs no damages for personal injury. Plaintiffs argue that the jury's verdict awarding no damages was against the great weight of the evidence because both testifying doctors opined that Ms. Amisial suffered injuries and objective signs of injury supported their opinions. Plaintiffs also move for

reargument seeking reconsideration of the Court's decision to admit photographs that showed minimal damage to the parties' vehicles. Plaintiffs argue that this error justifies a new trial. If a new trial is granted because of the damages issue, Plaintiffs also request that the Court reconsider their admissibility in the new trial. Finally, Mr. Scott seeks $1,928.25 in trial costs as the prevailing party.

Based upon the evidence presented at trial, Plaintiffs' motion for a new trial is **GRANTED** because unrebutted medical expert testimony at trial, supported by at least some objective evidence of injury, established that Ms. Amisial suffered injuries. The new trial shall be a damages only matter because the jury was properly instructed as to liability and there is no basis to conclude that the jury's decision as to one impacted the other.

Plaintiffs' motion for reargument regarding the admissibility of the photographs is also **GRANTED**. The Court did not misapprehend the law or the facts when admitting the photographs in the first trial because they were relevant to issues of (1) disputed liability and (2) the weight due Plaintiffs' medical expert opinion. The new trial's narrowed scope, however, requires a new Delaware Rule of Evidence 403 (hereinafter "DRE 403") evaluation which provides a different result. For the reasons discussed below, since liability is no longer at issue, the photographs' relevance for purposes of weighing the medical expert testimony is substantially outweighed by the risk of unfair prejudice to Plaintiffs. Finally, because a new trial is appropriate, Mr. Scott's motion for costs is **DENIED** as moot.

## Plaintiffs' Motion for New Trial

Pursuant to Superior Court Civil Rule 59(a), a new trial may be granted as to all or part of the issues in an action. When deciding a motion for a new trial, the

2

jury's verdict is entitled to "enormous deference."[1] A jury's verdict should not be disturbed unless it is "manifestly and palpably against the weight of the evidence or for some reason, or a combination of reasons, justice would miscarry if it were allowed to stand."[2] Relevant to the matter at hand, "a verdict of zero damages is inadequate and unacceptable as a matter of law where uncontradicted medical testimony establishes a causal link between an accident and injuries sustained."[3]

Evidence at trial in this case included expert medical testimony from Plaintiffs' medical expert Dr. Swaminathan, and Mr. Scott's medical expert, Dr. Piccioni. Dr. Swaminathan testified that Ms. Amisial suffered permanent neck and back injuries that were caused by the accident.[4] Likewise, Dr. Piccioni testified that Plaintiff Amisial suffered a temporary neck injury and a permanent back injury as a result of the accident.[5] Dr. Piccioni also testified that the physical therapy treatment provided to Ms. Amisial was reasonable, necessary, and related to the collision.[6] Although Ms. Amisial significantly delayed seeking treatment, had a significant gap in the middle of her treatment, and then a large gap between her last visit with Dr. Swaminathan and trial, Dr. Piccioni maintained his opinion that she suffered a permanent injury.[7]

Furthermore, Ms. Amisial exhibited an objective sign of injury on multiple occasions: spasm. At least one Delaware case has examined that sign of injury and found it to be sufficiently objective, when described by expert medical testimony, to require a new trial in a zero dollar verdict case.[8] At trial, when confronted with the

---

[1] *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).
[2] *McCloskey v. McKelvey,* 174 A.2d 691, 693 (Del. 1961).
[3] *Amalfitano v. Baker*, 794 A.2d 575, 577 (Del. 2001).
[4] Ct. Ex. 1 at 16-17.
[5] Ct. Ex. 8 at 45.
[6] *Id.* at 39.
[7] *Id.*
[8] *See Parisi v. State Farm*, 2010 WL 4139289, at *2 (Del. Super. Oct. 13, 2010).

3

references to spasms, Dr. Piccioni testified that they constituted objective signs of injury[9], and then acknowledged that spasms were found during her medical treatment that he found to be reasonable, necessary, and related to the accident.

Given the evidence presented at trial, a zero dollar verdict regarding damages was against the great weight of the evidence, shocks the conscience of the Court, and is unsupportable. The Court notes that the jury was properly instructed regarding liability in this case, and after correct legal instruction, returned a verdict finding Mr. Scott liable. There is no reason to conclude based on the jury instructions and the evidence presented that the jury confused the issues of liability and damages in this case.[10] Accordingly, a new trial as to damages only is appropriate.

The Court also grants a new trial as to damages regarding Mr. Donat's loss of consortium claim. Although loss of consortium claims are separate claims to a certain extent, they are also derivative of those of the primarily injured party.[11] There was no medical evidence that Mr. Donat suffered injury leaving the jury free to reject the allegation that he suffered a loss of consortium. Nevertheless, Delaware case law repeatedly references an "inexorably intertwined" standard for determining whether part or all of the previously tried issues should be retried.[12] The Court holds that when a damage claim is derivative of a primary claim and a new trial on damages is warranted on the primary claim, the derivative claim must also be retried

---

[9] Ct. Ex. 8 at 38.

[10] *C.f. Cain v. Sadler*, 2014 WL 2119994, at *3 (Del. Super. May 9, 2014) (ordering a new trial as to damages *and* liability where the jury obviously confused the two because there were significant inconsistencies in reading the verdict and completing the verdict form, making the issue of liability and damages "inexorably intertwined.") (citations omitted).

[11] *Jones v. Elliott*, 551 A.2d 62, 64 (Del. 1988).

[12] *See Smith v. Lawson*, 2006 WL 258310, at *7-8 (Del. Super. Jan. 23, 2006) (holding that only when liability is "inexorably intertwined" with the damages issues should a new trial as to both be granted and also recognizing that the modern trend is for a partial retrial in these circumstances).

4

because it is inexorably intertwined with the primary claim.[13] The Court accordingly grants a new trial on that claim as well because it is derivative of Ms. Amisial's claim for which a zero dollar verdict was unsustainable.

As a final matter, Plaintiffs did not request additur. The Court recognizes that it may, nevertheless, award additur *sua sponte* but elects not to in this circumstance.[14] If the Court were to employ additur, it would "increase the award to the absolute minimum amount that the record requires." [15] Given the initial delay in treatment, later significant gaps in treatment, and the fact that Ms. Amisial missed no work as a result of the collision, the Court finds that setting a figure reflective of the lowest appropriate amount would not benefit either parties' interests in this case.

### Plaintiffs' Motion for Reargument

Plaintiffs moves for reargument regarding the Court's decision denying their motion to exclude photographs of the vehicles' damage. The standard for reargument pursuant to Superior Court Civil Rule 59(e) requires that such a motion be denied unless the Court overlooked controlling precedent or legal principles, or the Court misapprehended the law or facts in such a way that would change the outcome of the underlying decision.[16] Here, Plaintiffs repeat many of the arguments already considered by the Court. At the first trial, the Court found the photographs admissible for two limited purposes: liability related purposes and for purposes of evaluating the weight of Plaintiffs' medical expert's testimony. Given the Court's decision limiting the issues for retrial, the Court's previous decision warrants

---

[13] *See Parisi*, 2010 WL 4139289, at *2 (Del. Super. Oct. 18, 2010) (holding that because a Plaintiff's loss of consortium claim "is inextricably intertwined" with his spouse's physical injuries, a new trial is appropriate on such a claim as well).

[14] *Rash v. Moczulski*, 153 A.3d 719, 721 (Del. 2016) (citation omitted).

[15] *Id.*

[16] *Langshaw v. Appleby Systems, Inc.* 2006 WL 3026202, at *1 (Del. Super. Oct. 20, 2016).

5

reconsideration. Specifically, given the change in circumstances, the required DRE 403 balancing test requires a different result for the second trial.

From the outset, Plaintiffs sought to bar the photographs pursuant to the rule established by *Davis v. Maute*.[17] In *Davis*, the Delaware Supreme Court noted that vehicle photographs offered for the purpose of showing a correlation between the amount of property damage and the degree of occupant injury is inadmissible.[18] The Court also recognized that introduction into evidence of such photographs could "serve some valid purpose other than supporting the minimal damage/minimal injury inference."[19] In those cases where a permissible independent relevance exists, a DRE 403 balancing is necessary to determine whether the probative value of the photographs for their legitimate purpose is substantially outweighed by the risk that the jury will draw an improper inference from the photographs.[20]

At trial, the Court found the pictures that showed the areas of damage to both vehicles to be independently relevant for liability purposes. As discussed in the Court's oral ruling, the pictures show the points of impact on the two vehicles. Given the varying descriptions of the parking lot accident, this evidence provided, at a minimum, a basis for a reasonable inference that supported Mr. Scott's liability defense.

The Court also separately found the evidence relevant regarding the weight due Dr. Swaminathan's opinion. The doctor's testimony (though elicited by Mr. Scott on cross-examination) included that Ms. Amisial "had to be cut out of her car" at the collision scene.[21] Dr. Swaminathan confirmed that he either received this

---

[17] 770 A.2d 36 (Del. 2001).
[18] *Id.* at 41.
[19] *Id.*
[20] *Id.*
[21] Ct. Ex. 1 at 25.

history from the patient or somewhere else in the file.[22]   Ms. Amisial denied giving the history to Dr. Swaminathan and the doctor "guessed" that it came from her. Regardless, she did not have to be cut out of the car.  The Court therefore admitted the photographs of Ms. Amisial's car for this additional purpose after conducting a DRE 403 balancing because (1) the evidence was already admissible for liability purposes and (2) its level of **unfair** prejudice was lower because it corrected a factual inaccuracy in the record.

In the new trial, photographs of Mr. Scott's vehicle will no longer be probative as to any material issue.  The point of impact on Mr. Scott's vehicle has no relevance in a damages only case and photographs of his vehicle are inadmissible in the new trial.  As to the photographs of Ms. Amisial's vehicle, the new trial context requires a different DRE 403 analysis.  Although Ms. Amisial's vehicle photographs will maintain the same degree of relevance toward the weight due Dr. Swaminathan's opinion, the danger of unfair prejudice now rises to the level that it substantially outweighs any relevance for that limited purpose.   Namely, there is a significant risk that a jury will unfairly correlate the property damage shown in the pictures of Ms. Amisial's vehicle to a lack of physical injury.  Here, the mistake in patient history referred to by the doctor has only marginal relevance when viewed in isolation.

The DRE 403 balancing in this matter includes some unusual circumstances. Namely, Dr. Swaminathan testified by video trial deposition inaccurately that the vehicle damage was greater than it was because Mr. Scott elicited this testimony on cross-examination from the doctor.  Though elicited by Mr. Scott, the Plaintiffs never objected nor moved to strike that testimony.  Given the separate admissible purpose as to liability, DRE 403 did not require exclusion of the photographs for the

---

[22] *Id*. at 25

7

expert credibility-related purpose during the first trial.   The threshold for relevance is not high and the probative value of this mistake in Dr. Swaminathan's report has only marginal relevance for that purpose.   With the liability related reason for admission removed from the equation, the Court finds that the relevance of the photographs is substantially outweighed by the risk of unfair prejudice.

As a final matter, the Court recognizes that the testimony by Dr. Swaminathan about Ms. Amisial being cut from her vehicle could cause the opposite unfair inference, which in turn would unfairly prejudice Mr. Scott.   This remains the case even though Mr. Scott elicited the offending testimony because the Court recognizes that the questioning was by no means improper.   It fairly probed the history referenced in an expert's report that the expert may have considered when formulating his opinions.  In recognition of this and what would be the unfairness of admitting evidence that both parties concede is untrue, the Court will strike the offending testimony from the trial deposition before the retrial, if Mr. Scott makes such a request.

## Conclusion

For the foregoing reasons, Plaintiffs' motion for a new trial is **GRANTED**. It therefore follows, that Defendant Scott's motion for costs is **DENIED** as moot. Plaintiffs' motion for reargument is also **GRANTED**.   The parties are requested to contact the Court to receive a mutually agreeable expedited retrial date.

**IT IS SO ORDERED.**

<u>/s/ Jeffrey J Clark</u>
Judge

8