IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE SCOTT, | § | |
| | § | No. 87, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| FRANCIENNE AMISIAL and | § | |
| GERARD DONAT, | § | |
| | § | C.A. No. K15C-12-027 |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: September 18, 2019
Decided: September 26, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 26th day of September, 2019, having considered the briefs and the record below, it appears to the Court that:

(1)    George Scott backed his car into Francienne Amisial's car. Amisial and her husband, Gerard Donat,[1] sued Scott for negligence and loss of consortium. After trial, the jury found that Scott negligently caused the crash but awarded no damages. The Superior Court then granted a new trial on damages only. In the second trial the jury awarded $40,000 to Amisial and $10,000 to Donat. Scott has

---

[1] For convenience, we refer to both plaintiffs as Amisial.

appealed from the second jury verdict, claiming that the Superior Court should not have limited the second trial to damages only, and also made several evidentiary errors during trial. We find, however, that the Superior Court did not abuse its discretion and affirm its judgment.

(2) On March 25, 2014, Scott backed his car into Amisial's car. Amisial's door jammed and Scott used a screwdriver to pry it open.[2] Neither party went to the hospital. Several weeks later, Amisial sought medical treatment and physical therapy. In October, 2014, she saw Dr. Swaminathan for several months. Amisial sued Scott for negligence, and her husband, Donat, claimed loss of consortium. The case went to trial in May 2018. The jury found that Scott negligently caused the crash, but awarded no damages.

(3) The Superior Court granted a motion for a new trial limited to damages only because the jury's decision to award no damages shocked the court's conscience. The pretrial order for the second trial listed Dr. Swaminathan as a medical expert witness for Amisial and Dr. Piccioni as a medical expert witness for Scott. The parties agreed that the experts would testify at trial through their video depositions. In the pretrial order Amisial did not reserve the right to call any of Scott's witnesses at trial.

---

[2] App. to Opening Br. at A-126.

(4)    In his expert report, Dr. Swaminathan stated that Amisial had to be "cut out of her own car."[3]    In his video deposition, Dr. Swaminathan testified that he probably learned this fact from Amisial, and relied on it when assessing her injuries.[4] At trial, Scott sought to introduce post-crash photos of Amisial's car to rebut Dr. Swaminathan's report and video trial testimony that Amisial was cut out of her car. At trial, Amisial admitted that the statement in Dr. Swaminathan's report was a mistake.[5]    The Superior Court excluded the photos because of the prejudicial risk that the jury might use the photos to assess Amisial's injuries from the crash.

(5)    On the second day of trial, Scott decided not to call his expert witness, Dr. Piccioni.  Instead, he rested his case immediately after Amisial rested her case. Amisial responded by moving to re-open Amisial's case to introduce into evidence Dr. Piccioni's video deposition.  Over Scott's objection, the Superior Court granted Amisial's request, reasoning that the experts were "front and center" in the case, the parties had referred to Dr. Piccioni's testimony in opening statements, and Dr. Piccioni would testify through his deposition and not as a live witness.  The Superior Court instructed the jury as a matter of law that Scott proximately caused injury to Amisial.  The jury returned a verdict of $40,000 to Amisial and $10,000 to Donat.

---

[3] *Id.* at A-278.
[4] *Id.* at A-278-79.
[5] *Id.* at A-127.

3

(6)     On appeal, Scott argues that the Superior Court erred when it (1) granted a new trial on damages only, (2) excluded post-crash photos of Amisial's car, (3) allowed Amisial to re-open her case and introduce Dr. Piccioni's video deposition, and (4) took the proximate cause finding away from the jury. This Court reviews evidentiary rulings for an abuse of discretion.[6] "An abuse of discretion occurs when a court has . . . exceeded the bounds of reason in view of the circumstances, [or] . . . so ignored recognized rules of law or practice . . . to produce injustice."[7] If we find an abuse of discretion, we "must then determine whether the mistakes constituted significant prejudice so as to have denied the appellant a fair trial."[8] This Court reviews the grant or denial of a new trial for abuse of discretion.[9] "A decision to set aside a jury verdict warrants appellate deference due to the trial judge's 'presence at trial and his [or her] duty to see that there is no miscarriage of justice.'"[10]

(7)     Scott argues first that the Superior Court should have retried liability and damages because they were inseparable. Superior Court Civil Rule 59(a) provides that "[a] new trial may be granted . . . on all or part of the issues in an action

---

[6] *Parker v. State*, 85 A.3d 682, 684 (Del. 2014).
[7] *Id.* (citations omitted).
[8] *Green v. Alfred A.I. DuPont Inst. Of Nemours Found.*, 759 A.2d 1060, 1063 (Del. 2000) (quotations omitted) (citing *Eustice v. Rupert*, 460 A.2d 507, 510 (Del. 1983)).
[9] *Chilson v. Allstate Ins. Co.*, 979 A.2d 1078, 1083 (Del. 2009).
[10] *Id.* (quoting *Walker v. Shoprite Supermarket, Inc.*, 864 A.2d 929 (Del. 2004) (TABLE) (citing *Storey v. Camper*, 401 A.2d 458,465 (Del. 1979))).

in which there has been a trial for any of the reasons for which new trials have heretofore been granted in the Superior Court." New trials limited to fewer than all the issues raised are permitted if: (1) the issue to be retried is clearly severable from the other issues, and (2) no injustice will result from limiting the issue on retrial.[11] A full retrial is generally required "only where the issues of liability and damages are interwoven."[12] Damages may be severed from liability in a new trial if it can be "reasonably said that the liability issue has been determined by the jury."[13]

(8) Scott argues that the jury's damages decision depended on the liability decision. According to Scott, the facts pertaining to liability had such a close connection to damages that the jury could not decide damages outside the context of liability. We find, however, there was no dependency between liability and damages. The first jury found that Scott "was negligent in a way which proximately caused the accident."[14] The jury also answered zero to the question "[w]hat amount of damages do you find plaintiffs suffered and will suffer as a proximate result of the accident."[15] Simply because the defendant negligently caused the crash does not mean that he injured the plaintiff. The Superior Court properly relied on the medical

---

[11] *Chilson v. Allstate Ins. Co.*, 979 A.2d 1078, 1084 (Del. 2009).

[12] *Id.* (citing *Furek v. Univ. of Del.*, 594 A.2d 506, 524 (Del. 1991)).

[13] *Id.* (quoting *Larrimore v. Homeopathic Hosp. Ass'n of Del.*, 176 A.2d 362, 371 (Del. Super. Ct. 1961)).

[14] Opening Br. at 30 (jury verdict form).

[15] *Id.*

5

expert testimony and objective signs of injury for the need to retry damages[16]—neither of which related to the liability determination, but rather to the extent of injury as a result of the crash. Further, Scott does not argue with particularity that the court excluded evidence relevant to damages because liability was not at issue. Finally, Scott does not argue that the severance resulted in injustice and our review of the record leads us to conclude that no injustice occurred. Thus, the Superior Court did not abuse its discretion when it granted a second trial on damages only.

(9) Scott argues next that the Superior Court abused its discretion when, in the second trial, it excluded photos of Amisial's car taken after the crash. Scott claims the photos were needed to rebut one of the factual bases for Dr. Swaminathan's expert opinion. In his video deposition, Dr. Swaminathan testified that he relied on the fact that Amisial "had to be cut out of her car" at the collision scene.[17] He also "confirmed that he either received this history from the patient or somewhere else in the file."[18] The Superior Court admitted the photos in the first trial with a limiting instruction.

(10) During the second trial, the Superior Court reevaluated the admissibility of the photos under *Davis v. Maute*[19] and Delaware Rule of Evidence

---

[16] *Amisial v. Scott*, 2018 WL 3409915, at *3-4 (Del. Super. July 12, 2018).
[17] App. to Opening Br. at A-278-79.
[18] *Id.* at A-278.
[19] 770 A.2d 36 (Del. 2001).

6

403, which allows the court to exclude relevant evidence if its probative value is substantially outweighed by the danger of prejudice.[20] In *Davis*, we found that, without expert testimony, a jury might unfairly correlate the degree of damage in post-crash car photos with the severity of the personal injuries. Applying *Davis*, the Superior Court found that the photos of Amisial's car were still relevant to the weight due Dr. Swaminathan's opinion, but the Superior Court also found that "there is a significant risk that a jury will unfairly correlate the property damage shown in the pictures of Ms. Amisial's car to a lack of physical injury."[21] The court concluded that the "danger of unfair prejudice now rises to the level that it substantially outweighs any relevance for that limited purpose.[22] While this Court[23] and other courts[24] have limited the rule in *Davis*, and recognized that damage photos might be

---

[20] *Amisial*, 2018 WL at *4; D.R.E. 403.

[21] *Amisial*, 2018 WL at *4.

[22] *Id.*

[23] *State Farm Mu. Auto. Ins. Co. v. Enrique*, 3 A.3d 1099, 2010 WL 3448534, at *3 (Del. Sept. 3, 2010) (TABLE) (holding that car crash photos were admissible to prove that there was a crash and that plaintiff's knees struck the dashboard even though the parties agreed on those facts); *Eskin v. Carden*, 842 A.2d 1222, 1226-27, 1233 (Del. 2004) (affirming the exclusion of photos of the plaintiff's car because they were not supported by expert testimony and finding that *Davis* should be limited to its facts); *Habbart v. Liberty Mut. Fire Ins. Co.*, 2003 WL 367833, at *7 (Del. Super. Feb. 20, 2003), *aff'd* 832 A.2d 1251, 2003 WL 22075381, *1 (Del. Sept. 5, 2003) (TABLE) (affirming the finding that there was a valid purpose to introduce photos of a car crash to impeach the defendant's medical expert testimony).

[24] *See Peach v. McGovern*, 2019 WL 324608, at *6 (Ill. Jan. 25, 2019) (holding that the trial judge could allow photos to determine "whether the plaintiff was telling the truth about his injuries when there was minor damage to the parties' vehicles," and holding that whether a jury needed an expert to relate the car damage to personal injury was an evidentiary issue); *Accetta v. Provencal*, 962 A.2d 56, 62 (R. I. 2009) (rejecting *Davis* and affirming that expert testimony is not required when admitting photos of car damage to prove personal injuries because they "are relevant when determining the force of the impact during the collision"); *Corriette v. Morales*, 50 V.I. 202, 208-09 (V. I. 2008) (adopting the "majority rule that photos depicting damage to a car are relevant to

7

relevant for other purposes and thus admissible without expert testimony, we cannot find on this record that the court caused any prejudice by ruling them inadmissible. Scott was able to bring out on Amisial's cross-examination that the statement in Dr. Swaminathan's report was a mistake.[25] And Scott's attorney was able to argue in closing that Amisial was not cut out of the car.[26] Thus, Scott did not suffer prejudice from the Superior Court's evidentiary ruling.

(11) Scott also argues that the Superior Court abused its discretion when it allowed Amisial to re-open her case to play for the jury the video deposition of Scott's medical expert witness, Dr. Piccioni. Scott claims that introducing Dr. Piccioni's testimony was improper because compelling the testimony created an ethical dilemma for the expert, and Amisial did not reserve the right to call Dr.

---

the issue of personal injuries and are generally admissible without expert testimony"); *Brenman v. Demello*, 921 A.2d 1110, 118-21 (N. J. 2007) (rejecting *Davis* because "there is a relationship between the force of impact and the resultant injury, and the extent of that relationship remains in the province of the factfinder;" expert testimony addressed the weight to give the photos, not their admissibility; and "[j]uries are entitled to infer that which resides squarely in the center of everyday knowledge: the certainty of proportion, and the resulting recognition that slight force most often results in slight injury, and great force most often is accompanied by great injury"); *Marron v. Stromstad*, 123 P.3d 992, 1009 (Alaska 2005) (rejecting *Davis* because evidence showing an undamaged vehicle can be probative of the crash's force and the likelihood it caused personal injury); *Mason v. Lynch*, 878 A.2d 588, 601 (Md. 2005) (rejecting Davis because it is common sense that there is "correlation between the nature of the vehicular impact and the severity of the personal injuries"); *see also Berndston v. Annino*, 411 A.2d 36, 39 (Conn. 1979) (finding that "evidence of speed, physical impact, and the like is admissible as relevant to the probable extent of personal injuries"); *Murray v. Mossman*, 329 P.2d 1089, 1091 (Wash. 1958) (affirming the admission of crash scene photos for the purpose of showing the force of the impact that caused plaintiff's whiplash injury because the photos tended to show the force and direction of the impact that caused the injury).

[25] App. to Opening Br. at A-127.
[26] *Id.* at A-246.

Piccioni in the pretrial order. We find, however, that the court did not abuse its discretion in allowing the jury to hear Dr. Piccioni's video deposition. This Court has allowed an adverse expert witness to be called in the opposing party's case.[27] Although the practice should be used sparingly, and a party must show manifest injustice to modify a pretrial order, we find that Scott did not suffer prejudice as a result of the court's ruling. There was no concern about compulsion because it was a video deposition, not live testimony, and the parties and the expert understood that a jury would see the deposition. Further, all parties expected Scott to call Dr. Piccioni, meaning Scott would not have changed his strategy during Amisial's case if he had known the court would allow Dr. Piccioni's testimony. Thus, the court did not abuse its discretion by allowing Amisial to call Scott's expert in her case.

(12) Finally, Scott argues that the Superior Court abused its discretion when it granted Amisial's motion for a directed verdict that Scott proximately caused Amisial's injuries. Under Superior Court Civil Rule 50(a):

> [i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the Court may

---

[27] *Barrow v. Abramowicz*, 931 A.2d 424, 430, 432 (Del. 2007) (holding that the Superior Court erred when it prevented the plaintiff from using the defendant's expert testimony because "a litigant has the right to introduce all relevant evidence, even if generated by an adverse party, which goes to "the very heart" of a case and could affect the outcome of the trial"); *Green*, 759 A.2d at 1061, 1065 (holding that the Superior Court abused its discretion by preventing the plaintiff from presenting videotaped testimony of the defendant's expert because it was intended for use at trial and the pretrial order acknowledged its use by either party, and prevention was prejudicial because the plaintiff relied on an understanding that he would be permitted to use the evidence, reserved the right in the pretrial stipulation, and lacked time to secure other expert testimony).

9

determine the issue against the party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(13) Although "we have consistently held that the issue of proximate cause is ordinarily a question of fact for the jury to determine, the jury must still base its opinion on the evidence before it."[28] "[U]ncontradicted medical evidence of injuries and their proximate cause, confirmed by independent objective testing, meet the standard of "conclusive" evidence of injury that would require a reasonable jury to return a verdict for at least minimal damages."[29]

(14) Here, the Superior Court found that "the evidence presented in this case includes uncontroverted medical expert testimony."[30] Both parties' medical expert witnesses concluded that the crash caused Amisial injury.[31] Accordingly, the Superior Court found that a jury award of no damages would be inadequate as a matter of law and left the extent of such injuries to the jury's determination. Thus, the Superior Court properly granted the motion for directed verdict with regard to Scott's negligence causing Amisial's injuries from the crash.

---

[28] *Amalfitano v. Baker*, 794 A.2d 575, 577-78 (Del. 2001).

[29] *Id.* at 577; *see Maier v. Santucci*, 697 A.2d 747, 749 (Del. 1997) ("In light of uncontradicted medical testimony that [the plaintiff] suffered an injury as a result of the accident, the jury's award of [no] damages is inadequate and unacceptable as a matter of law.").

[30] App. to Opening Br. at A-214.

[31] *Amisial*, 2018 WL at *2.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice