**John H. MAIER, III, Plaintiff Below, Appellant,**

v.

**Vincent J. SANTUCCI, and Elite Mushroom Company, Inc., a Pennsylvania corporation, Defendants Below, Appellees.**

**No. 46, 1997.**

Supreme Court of Delaware.

Submitted: June 3, 1997.
Decided: Aug. 5, 1997.

---

**21.** *Northwestern Nat. Ins. Co. v. Esmark,* Del. Supr., 672 A.2d 41, 44 (1996).

**22.** *Penn Mut.,* 695 A.2d at 1149–50.

**23.** *Penn Mut.,* 695 A.2d at 1149–50.

Joseph J. Rhoades, Wilmington, for Appellant.

Robert F. Phillips, Phillips, Goldman & Spence, P.A., Wilmington, for Appellees.

Before VEASEY, C.J., WALSH, and BERGER, JJ.

PER CURIAM:

■ This is an appeal from the denial of a motion for a new trial following an adverse jury verdict in the Superior Court. Appellant, plaintiff-below, who was injured in an automobile accident, contends that it was an abuse of discretion for the trial judge to not set aside a jury award of zero damages when there was uncontradicted testimony concerning the existence of an injury. In denying the motion for a new trial, the Superior Court ruled that plaintiff's claim of damages turned on issues of credibility and the jury chose not to believe plaintiff's case. We conclude that where the evidence conclusively establishes the existence of an injury, however minimal, a jury award of zero damages is against the weight of the evidence and it is an abuse of discretion to deny a new trial.* Accordingly, we reverse.

I

The basis for this personal injury litigation was a motor vehicle accident which occurred on February 6, 1993 in New Castle County, Delaware. Appellant, John H. Maier, III ("Maier"), had stopped his vehicle at the intersection of Kirkwood Highway and Newport Gap Pike when a vehicle, owned by Elite Mushroom Company, Inc. and operated by the appellee. Vincent J. Santucci ("Santucci"), drifted forward and struck the Maier vehicle from behind. Following the collision, Maier left his vehicle to speak with Santucci and the parties agreed to follow each other to the nearest State Police station to fill out an accident report. Upon leaving the police station, Maier went to a local hospital where he was examined and released without being treated.

Approximately 18 days after the accident, Maier contacted his long-time family physician because he was continuing to experience significant pain in several areas of his body. Although his family physician referred him to a second physician, Maier chose instead to seek treatment from Dr. Ross Ufberg, a physician recommended by his attorney. Maier remained in the care of Dr. Ufberg for a period of three years. During this period, numerous tests were performed, physical therapy was prescribed and work restrictions were placed on Maier. Dr. Ufberg testified that by the time of trial there had been little improvement in Maier's condition.

On August 23, 1994, Maier filed suit against Santucci and her employer alleging that as a result of the accident Maier had sustained permanent injuries to his head, neck, jaw, shoulder, arm, back and leg. In addition, Maier sought compensation for pain, suffering, loss of past earnings and loss of future earning capacity. Since the facts surrounding the accident were straightforward and uncontroverted, the trial court directed a verdict in favor of Maier as to liability. The jury's sole function, therefore, was to determine the extent of Maier's inju-

---

* Since there was no cross-appeal on the issue of liability, our decision is limited to the adequacy of the damages award.

ries, if any, and the amount of damages he should be awarded. Following three hours of deliberation, the jury returned a verdict of $0. in damages. Maier was unsuccessful in securing a new trial.

## II

■ We review the Superior Court's denial of a motion for a new trial under an abuse of discretion standard. *Storey v. Camper*, Del.Supr., 401 A.2d 458, 465 (1979). Traditionally, the court's power to grant a new trial has been exercised cautiously and with extreme deference to the findings of the jury. *Lacey v. Beck*, Del.Super, 161 A.2d 579 (1960). The jury's verdict is presumed to be correct and sustainable unless it is so grossly disproportionate to the injuries suffered so as to shock the Court's conscience and sense of justice. *Storey*, 401 A.2d at 464 n. 6. In denying Maier's motion for a new trial, the Superior Court applied the appropriate legal principle but, in our view, reached an arbitrary result.

■ Although the seriousness of Maier's injuries was sharply contested at trial, the medical experts for both the plaintiff and defendant agreed that Maier did suffer some degree of injury as a result of the accident. At trial, Dr. Ufberg testified on behalf of Maier concerning numerous injuries that he believed resulted from the automobile collision. The defendant countered with the testimony of a physician, Andrew Gelman, D.O., who performed an independent medical examination. Dr. Gelman, concluded that although a majority of Maier's injuries were the result of a pre-existing arthritic condition affecting the lower lumbar disc, Maier did probably sustain a cervical sprain injury as a result of the accident. This conclusion was consistent with the testimony of Dr. Ufberg and was not contradicted by any other medical expert.

■ The function of a damage award in a civil litigation is to provide just and full compensation to a plaintiff who suffers injury or loss by reason of the conduct of a tortfeasor. *Jardel Co. Inc. v. Hughes*, Del.Supr., 523 A.2d 518 (1987). In this case the trial court's grant of a directed verdict on liability required the jury to focus only on whether the plaintiff had sustained an injury as a result of the accident and to award appropriate damages. In light of the uncontradicted medical testimony that Maier suffered an injury as a result of the accident, the jury's award of $0. damages is inadequate and unacceptable as a matter of law. Although we make no suggestion as to what a proper jury award should have been, we note that once the existence of an injury has been established as causally related to the accident, a jury is required to return a verdict of at least minimal damages. We recognize that in this case there was sharp dispute over the extent of Maier's physical condition prior to the accident but aggravation of a preexisting condition is compensable under Delaware law. *Winder v. Frisby*, 1994 Del.Super., 1994 WL 45434, Lexis 33, C.A. No. 91C–12–011, Graves, H (Jan. 11, 1994).

■ While a jury has great latitude, "it cannot totally ignore facts that are uncontroverted and against which no inference lies." *Haas v. Pendleton*, Del.Super., 272 A.2d 109, 110 (1970). In light of the facts present in this record, the trial court abused its discretion by not setting aside the jury verdict and granting a new trial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is REVERSED and REMANDED for a new trial limited to damages.

