Karen L. DUNN, Plaintiff
Below, Appellant,

v.

James RILEY, Defendant
Below, Appellee.

No. 195, 2004.

Supreme Court of Delaware.

Submitted: Oct. 13, 2004.

Decided: Dec. 1, 2004.

Gary S. Nitsche, Esquire, of Weik, Nitsche, Dougherty & Componovo, Wilmington, Delaware; for Appellant.

Louis B. Ferrara, Esquire, of Ferrara, Haley & Bevis, Wilmington; for Appellee.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

JACOBS, Justice.

The plaintiff below, Karen Dunn, appeals from the denial by an order of the Superior Court of her motion for a new

trial after a jury rendered a verdict for the defendant, James Riley. The jury found that although Riley was negligent in rear-ending Dunn's car, his negligence was not the proximate cause of Dunn's injuries. We conclude that based upon the evidence presented at trial, the jury verdict was reasonable. We also reject Dunn's claim of entitlement to a new trial based on Riley's testimony that the collision was minor, because any resulting prejudice was cured by the instructions given to the jury. Accordingly, we affirm the Superior Court judgment denying Dunn's motion for a new trial.

### Facts

On December 19, 1999, Riley rear-ended a car in which Dunn was riding as a passenger. Five months before, in July 1999, Dunn had been involved in a similar car accident. After both accidents, she complained of neck and back problems. At trial, Dunn presented the testimony of Dr. Senu–Oke, who opined that Dunn's neck and back problems were the result of a disc herniation that had been caused by the December (but not the July) accident.

The jury completed a special verdict form, and found that (i) Riley was negligent, but (ii) Riley's negligence was not the proximate cause of Dunn's injuries. Thereafter, Dunn moved for a new trial, which the Superior Court denied. Dunn appeals from the denial of that motion.

Dunn advances two claims of error on this appeal. First, she claims that the trial court erred in denying her a new trial because the jury verdict was contrary to the overwhelming weight of the evidence. Second, she contends that the trial court erred by refusing to admit evidence of the property damage caused to Dunn's vehicle to rebut Riley's characterization of the accident as minor. Neither argument has merit.

### The Reasonableness of the Jury Verdict

The question raised by Dunn's first argument is whether the jury verdict was contrary to the overwhelming weight of the evidence presented at trial. This Court reviews a trial court's denial of a motion for a new trial for abuse of discretion.[1] A jury verdict is presumed to be correct[2] and "will be upheld unless it is against the 'great weight of the evidence.'"[3] The Delaware Constitution sets forth this Court's standard of review: ". . . on appeal from a verdict of a jury, the finding of the jury, if supported by the evidence, shall be conclusive."[4]

To support her claim that the Superior Court abused its discretion, Dunn relies upon *Maier v. Santucci*.[5] In *Maier* we found that the trial court abused its discretion by not granting a new trial after the jury had returned a verdict of zero ($0) damages, even though "the evidence conclusively establishe[d] the existence of an injury" and the "injury ha[d] been established as causally related to the accident."[6] Dunn argues that the circumstances found to require a new trial in *Maier* are also present here, and that therefore, the Superior Court's denial of her new trial motion

---

1. *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979).

2. *Lacey v. Beck*, 161 A.2d 579 (Del.1960).

3. *Walker v. Shoprite Supermarkets, Inc.*, 859 A.2d 620, 622 (Del.2004).

4. DEL. CONST. art. IV, § 11(1)(a). *See* RANDY J. HOLLAND, THE DELAWARE STATE CONSTITUTION, A REFERENCE GUIDE 138 (Greenwood Press (2002)).

5. 697 A.2d 747 (Del.1997).

6. *Maier*, 697 A.2d at 748–49.

after a jury verdict of zero ($0) damages was an abuse of discretion.

█ Dunn's argument fails, because in this case the evidence on the issue of causation was in conflict, and, thus, did not *conclusively* establish that Dunn's injuries were causally related to the accident. That evidence included two of Dr. Senu–Oke's expert reports, both made after the December accident, in which Dr. Senu–Oke offered contradictory medical opinions about the cause of Dunn's injuries. In his first report, dated in September 2000, Dr. Senu–Oke opined that Dunn's injuries resulted from the July 1999 accident. In his second report, dated February 2001, he opined that Dunn's injuries resulted from the December 1999 accident. Dr. Senu–Oke did not mention the December accident in his first report, nor did he mention the July accident in his second report. At trial, Dr. Senu–Oke was cross-examined before the jury about that glaring inconsistency.

The evidence presented in this case differed significantly from that presented in *Maier* and in other cases where this Court found that the trial court had abused its discretion by not setting aside a jury award of zero ($0) damages. In *Maier* we found the jury verdict of zero ($0) damages to be unreasonable where the trial court directed a verdict in favor of the plaintiff on the issue of liability and the trial experts all agreed that the plaintiff had suffered some injury as a result of the accident.[7] Similarly, in *Amalfitano v. Baker*, we held that the Superior Court abused its discretion in refusing to order a new trial where the jury had returned a verdict of zero ($0) damages, despite testimony that the car accident had caused her injuries,

and despite the defense's contention that at least some injury had resulted from that accident.[8] In both *Maier* and *Amalfitano*, causation was conceded and the only issue confronting the jury was only the extent of the plaintiff's injuries. Here, in contrast, Riley developed evidence during the cross-examination of Dunn's expert, that called into question the reliability of that expert's opinion as to causation. Because both sides presented conflicting evidence on the causation issue, Dunn did not conclusively establish causation, which became a question for the jury. Accordingly, the jury verdict awarding zero ($0) damages was not unreasonable.

This case fits more closely *Kossol v. Duffy*,[9] where we found that the denial of a motion for a new trial after the jury had returned a zero ($0) damages verdict was not an abuse of discretion. In *Kossol*, the plaintiff had been involved in four other car accidents, two of which occurred before the accident at issue in the case. During the trial there was conflicting evidence as to which of those four accidents had caused the plaintiff's injuries. In *Kossol* we rejected the plaintiff's argument that his claim was on all fours with *Maier*, and affirmed the Superior Court's denial of the plaintiff's motion for a new trial.

Unlike what occurred in *Amalfitano* and in *Maier*, here the evidence relating to causation was highly controverted. Given that conflicting evidence, including the contradictory permanency opinion reports, it was reasonable for the jury to conclude that Riley's negligence did not proximately cause Dunn's injuries. It is the exclusive province of the jury to make credibility determinations and to resolve conflicts in the testimony. Accordingly, the Superior

---

7. *Id.* at 749.

8. *Amalfitano v. Baker*, 794 A.2d 575 (Del. 2001).

9. *Kossol v. Duffy*, No. 3, 2000, 2000 WL 1780799 (Del. Nov.29, 2000).

Court did not abuse its discretion in refusing to order a new trial on that basis.

### The Evidence of Monetary Damages to Dunn's Car

Dunn's second claim on appeal is that she is entitled to a new trial because the Superior Court erred by precluding her from presenting evidence of the damage to her car in the accident, after Riley had testified that the cars were not damaged. Again, the standard of review is for abuse of discretion.[10] To establish an abuse of discretion, Dunn must show that Riley's comments caused substantial prejudice that could not be cured by a trial judge's jury instruction.[11] Unless there is evidence of bad faith, "the sustaining of a prompt objection followed by a curative instruction ... will usually suffice to remedy the impropriety."[12] Here, the Superior Court committed no error in refusing to grant a new trial, because any arguable prejudice caused by Riley's comments was cured by the Court's jury instructions on this question.

■ Before the trial began, Dunn filed, in limine, a motion to exclude from evidence any photographs taken of the vehicles after the accident. The trial judge granted the motion, and Riley's attorney agreed not to characterize the nature or severity of the collision before the jury. Despite the trial court's ruling, Riley referred to that issue twice during his testimony, implying on both occasions that the impact was not severe. After each of those references, Dunn's counsel objected and requested leave to submit rebutting

evidence that her car had sustained $865 in property damage or, in the alternative, requested the trial judge to declare a mistrial. The trial judge sustained Dunn's objections, but refused to grant a mistrial and also refused to admit the evidence of the damage to Dunn's car, because that would open the door to evidence that the court had already excluded, namely, the photographs of the cars. Instead, the judge gave two curative jury instructions, both cautioning the jury not to draw any conclusions about the severity of the crash. The first curative instruction was given after Riley referred to the lack of damage caused to the cars. The second was given during the judge's final instructions to the jury, directing the jurors to disregard any evidence of the severity of the impact.

Dunn argues that the curative instructions were insufficient as a matter of law. Relying upon Davis v. Maute, Dunn contends that Riley's comments were improper, that she was entitled to rebut those comments with evidence of the damage to her car, and that the trial court's refusal to allow that evidence entitles her to a new trial. In Davis v. Maute, we held that "a party in a personal injury case may not argue that the seriousness of personal injuries from a car accident correlates to the extent of the damage to the cars, unless the party can produce competent expert testimony on the issue."[13] Dunn argued, and the trial judge agreed, that Riley's references to the (non)severity of the collision were improper under Davis. But from that it does not follow that Dunn thereby became entitled to introduce evi-

10. See cases cited at notes 1 and 2, supra.

11. DeAngelis v. Harrison, 628 A.2d 77, 80 (Del.1993).

12. Eskin v. Carden, 842 A.2d 1222, 1233 (Del. 2004) (quoting Koutoufaris v. Dick, 604 A.2d 390, 400 (Del.1992)).

13. Davis v. Maute, 770 A.2d 36, 40 (Del.2001), accord, Eskin v. Carden, 842 A.2d 1222, 1233 (Del.2004).

dence of the extent of the damage to her car or (alternatively) to a new trial.

Dunn's argument fails because she has not shown that the evidence she sought to introduce was otherwise legally admissible or that, if admitted, the evidence would have cured any prejudice caused by Riley's statements. Dunn sought to introduce evidence of the monetary damage to her car to show that the crash was in fact severe, and that therefore her injuries were caused by the crash. Such evidence, if admitted, would have been improper under *Davis v. Maute*, because Dunn did not offer any expert testimony to connect the severity of the crash and the extent of her injuries.

Nor has Dunn shown that the curative instructions given by the trial judge were insufficient to cure whatever prejudice may have resulted from Riley's improper testimony. Although some evidentiary violations may be so flagrant that a mistrial is required, a curative instruction is normally sufficient to cure prejudice caused by an inadmissible statement.[14] In *Davis v. Maute*, we found that the trial court had abused its discretion by not giving a curative instruction after defense counsel had characterized the accident as a "fender bender" and after photographs of the plaintiff's car had been admitted into evidence without expert testimony that correlated the seriousness of the injuries with the force of the accident.[15]

Here, in contrast, Riley's first improper reference to the (non)severity of the impact was cut short by Dunn's objection, and was immediately followed by the trial judge's curative instruction. Riley's second improper reference to the (non)severity of the impact came during his cross examination, after Dunn's counsel repeatedly asked whether Riley "hit" the back of Dunn's vehicle, to which Riley responded that he "tapped" the vehicle. Although no curative instruction was given at that point, the trial court's final jury instructions again warned the jury to disregard that comment. Riley made only two brief references to the severity of the crash. In short, the trial court addressed any potential prejudice in two separate jury instructions. Given those circumstances, Dunn has not shown prejudice that was so substantial at to warrant a new trial. If there was any prejudice, it was cured by the trial judge's jury instructions.

### Conclusion

For the foregoing reasons, the judgment of the Superior Court denying Dunn's motion for a new trial is *affirmed*.

---

14. *Eskin v. Carden*, 842 A.2d 1222, 1233 (Del. 2004).

15. *Davis*, 770 A.2d at 42–43. In *Davis*, the defense counsel repeatedly argued that the accident was minor and that therefore the plaintiff's injuries were minor, but the trial judge gave no curative instruction.