IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

ROBERT PATTON,                          )
                                        )
    Plaintiff/Appellant,                )
                                        )
        v.                              )       C.A. No. N13A-10-006 JAP
                                        )
DARRYL L. YANCEY                        )
                                        )
    Defendant/Appellee.                 )

Submitted: July 14, 2014
Decided: September 22, 2014

**<u>MEMORANDUM OPINION</u>**

*Appearances:*

Andres Gutierrez de Cos, Esquire, Wilmington, Delaware – Attorney for
Plaintiff/Appellant

Darryl L. Yancey - *Pro Se* Defendant/Appellee

On May 3, 2013, the Court of Common Pleas ordered a default judgment against Darryl Yancey for the intentional tort of assault and battery. Subsequently, the court held an inquisition hearing and awarded Patton zero damages. Plaintiff appealed the zero verdict to this court. It is now ORDERED that the judgment is AFFIRMED in part and REVERSED in part, and the case be REMANDED.

## **Background**

This case involves a road rage incident between Robert Patton and Darryl Yancey. There is evidence that the incident was precipitated by Plaintiff, but because of the default judgment in Plaintiff's favor, the court will consider any proven injury to Plaintiff to be compensable. In any event at some point Defendant struck Plaintiff in the head with a club known as a "tire beater."[1] The blow caused Patton to suffer a 4 inch laceration. Patton filed an intentional tort claim in the Court of Common Pleas seeking $49,999.99 in damages for pain and discomfort, medical expenses and lost wages.[2] Yancey did not file an answer or otherwise respond and therefore, a default judgment was ordered.

Plaintiff introduced little evidence to show compensable injuries. He introduced no photographs, medical records or documentation of lost wages. Indeed the only evidence was his testimony which can best be described as

---

[1] Defendant is a truck driver. There was testimony that truck drivers frequently carry tire beaters which they use to screen the tires for possible low pressure.

[2] Compl. ¶¶ 6-13.

perfunctory. Plaintiff testified he suffered a laceration and that he suffered a fractured skull. However he did not introduce any medical testimony or records to document his skull fracture.[3] Plaintiff also testified he was unable to work for a period of time. Plaintiff's work was intermittent, and there was no evidence as to how many work opportunities Plaintiff lost because of his injuries. The upshot of this is the only evidence upon which the trial court could base an award was Plaintiff's testimony that he suffered a four inch laceration which hurt for about a month.

### Analysis[4]

This court reviews the denial of a motion for a new trial for an abuse of discretion.[5] Thus, the lower court's decision will not be disturbed unless the "evidence preponderates so heavily against" the decision.[6] Although, in one sense it is understandable that the trial court awarded zero damages, that award insofar as it relates to pain and suffering, is contrary to the law. Because Plaintiff failed to introduce sufficient evidence to show lost wages and medical expenses, the trial court's decision not to award damages for those is affirmed.

Typically after a default judgment is ordered, an inquisition hearing is held to determine damages.[7] The preponderance of evidence is the

---

[3] Plaintiff's testimony about the laceration was sufficient to show he suffered such a laceration because a lay person can readily diagnose a laceration. It is beyond the ken of lay persons, however, to diagnose a skull fracture. Consequently his testimony about a skull fracture, without more, is insufficient.

[4] The Defendant/Appellee, Darryl Yancey, did not file an appellant brief to this court.

[5] *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).

[6] *Id.*

[7] CCP Civ. R. P. 55(b)(2).

evidentiary standard for this kind of hearing.[8] Accordingly, "[e]vidence that is unrebutted when presented by one side . . . should . . . be considered conclusive."[9] Plaintiff offered substantially no evidence to support his claim Here, it is unrebutted that plaintiff suffered a laceration on his head and suffered pain for about a month. It is well settled that "where evidence conclusively establishes the existence of an injury, however minimal, [an] award of zero damages is against the weight of the evidence and it is an abuse of discretion to deny a new trial."[10] The Supreme Court stated in *Maier v. Santucci*,[11] "once the existence of an injury has been established causally related to the [tortuous conduct] . . . a verdict of at least minimal damages" is required.[12] Despite the minimal evidence presented, Patton conclusively established an injury, in the form of a laceration, was caused by Yancey and is therefore entitled to at least "minimal damages."

The trial court's dismissal of Plaintiff's claims for medical expenses and lost wages is **AFFIRMED**. Its denial of Plaintiff's claims for compensatory damages for his laceration is **REVERSED** and **REMANDED**.

It is **SO ORDERED,** this 22nd day of September, 2014.

_____
John A. Parkins Jr.

---

[8] *Jagger v. Schiavello*, 93 A.3d 656, 659 (Del Super. Ct. 2014) (quoting *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979).

[9] *Amalfitano*, 794 A.2d at 578 (internal quotations omitted).

[10] *Maier v. Santucci*, 697 A.2d 747, 748 (Del. 1997).

[11] 697 A.2d 747 (Del. 1997).

[12] *Id.* at 749.

4