**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IRAIDA PABON and<br>DAVID JWANISIK, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. N13C-10-006 AML |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| GEICO CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 22, 2017
Decided: August 23, 2017

**Upon Plaintiffs' Motion for Judgment as a Matter of Law and Motion for a New Trial: DENIED**

1.     This is a personal injury action in which the plaintiffs, a long-time couple, were involved in two car accidents. The drivers of the other vehicles were uninsured or underinsured. After a two-day trial, the jury returned a verdict in favor of the defendant, finding neither accident was the proximate cause of either plaintiff's injuries. The plaintiffs now have moved for judgment as a matter of law[1] and for a new trial. For the reasons that follow, both motions are denied.

---

[1] Plaintiffs styled their motion as a "Renewed Motion for a Directed Verdict," but that motion substantively is one for judgment as a matter of law. *See* Super. Ct. Civ. R. 50. To avoid confusion, the motion is referred to as a motion for judgment as a matter of law throughout this order.

2.     The plaintiffs, Iraida Pabon and David Jwanisik (the "Plaintiffs"), were involved in two motor vehicle accidents, one on November 26, 2011 and the second on August 26, 2012. At the time of the accidents, Ms. Pabon was insured by the defendant, GEICO Corporation ("GEICO"). GEICO denied Ms. Pabon's claim for injuries allegedly sustained in the November 2011 accident and Mr. Jwanisik's claim for injuries allegedly sustained in the August 2012 accident.[2] Plaintiffs thereafter brought suit against GEICO.

3.     The issues at trial revolved around both causation and damages. To prove their claims, Plaintiffs relied on their own testimony as well as their doctors' expert opinions. Ms. Pabon testified that she injured her right knee in the November 2011 accident, and Mr. Jwanisik testified that he injured his neck and back in the August 2012 accident. The jury also heard video deposition testimony of Dr. Mahoney, Mr. Jwanisik's treating chiropractor, and Dr. Raisis, Ms. Pabon's treating physician. Dr. Raisis testified that Ms. Pabon's knee problems causally were related to the November 26, 2011 accident, and Dr. Mahoney testified that Mr. Jwanisik will experience ongoing pain and require ongoing care to his neck and back as a result of the August 26, 2012 accident. GEICO's defense consisted of cross-examining Plaintiffs and their medical experts and submitting medical records into

---

[2] Mr. Jwanisik's claim for injuries sustained in the 2011 accident settled. The remaining issues at trial were Mr. Jwanisik's claim for injuries sustained in the 2012 accident and Ms. Pabon's claim for injuries sustained in the November 2011 accident.

evidence. In other words, GEICO did not present its own expert on the contested issues of causation or damages.

4.     At the close of their case, Plaintiffs moved for a directed verdict on the proximate cause issue, contending the evidence presented as to causation uniformly showed that each Plaintiff suffered some injury in the accident for which damages were sought. The Court denied Plaintiffs' motion, finding GEICO solicited testimony on cross-examination that cast doubt on the experts' credibility, specifically that each expert did not have certain information available to him when he rendered his opinion.[3] That testimony was a sufficient evidentiary basis from which the jury could conclude that the experts' opinions were not reliable. As the experts' testimony was the only available evidence of causation, Plaintiffs failed to meet their burden. At the close of all the evidence, Plaintiffs did not renew their motion for a directed verdict, and the jury returned a verdict for GEICO, finding the automobile accidents were not a proximate cause of either Plaintiff's injuries.

5.     Plaintiffs now seek judgment as a matter of law under Superior Court Rule 50(b) and a new trial under Rule 59. Rule 50(b) states: "Whenever a motion for a judgment as a matter of law *made at the close of all the evidence* is denied or for any reason is not granted, . . . [s]uch a motion may be renewed by service and

---

[3] *Pabon v. GEICO, Corp.*, N13C-10-006 AML, at 16-19 (Del. Super. May 23, 2017) (TRANSCRIPT) (hereinafter "Tr.").

filing not later than 10 days after entry of judgment."[4] Plaintiffs did not so move at the close of all the evidence.[5] By failing to renew their motion for a directed verdict at the close of all the evidence, Plaintiffs failed to comply with Rule 50(b) and are unable to move for judgment as a matter of law at this time.[6] Accordingly, Plaintiffs' motion for judgment as a matter of law is denied.

6. Plaintiffs also have moved for a new trial under Rule 59. Plaintiffs argue the jury was not free to disregard the experts' medical testimony because all the experts agreed that Ms. Pabon and Mr. Jwanisik were injured in the November 26, 2011 and August 26, 2012 accidents, respectively. Plaintiffs rely on the Delaware Supreme Court's holding in *Maier v. Santucci* that "once the existence of an injury has been established as causally related to the accident, a jury is required to return a verdict of at least minimal damages."[7] Plaintiffs further argue that *Christina School District v. Reuling*[8] is dispositive here. In *Reuling*, the Delaware Supreme Court upheld the lower court's direction of a verdict on proximate cause

---

[4] Super. Ct. Civ. R. 50(b) (emphasis added).

[5] Plaintiffs moved for a "directed verdict" at the conclusion of their case in chief. As described above, the Court denied that motion. *See supra* ¶ 4 and n. 3. GEICO then moved into evidence various exhibits, including binders of Plaintiffs' medical records. Tr. 27-28. Plaintiffs did not renew their motion after GEICO rested its case.

[6] *See William H. Porter, Inc. v. Edwards*, 616 A.2d 838 (Del. 1992); *Samson v. Somerville*, 2005 WL 1953054, at *1 (Del. Super. July 26, 2005).

[7] 697 A.2d 747, 749 (Del. 1997). Plaintiffs also rely on *Amalfitano v. Baker*, 794 A.2d 575, 577 (Del. 2001), arguing: "There, as here, 'causation was conceded and the only issue confronting the jury was only the extent of the Plaintiff's injuries.'" Pls.'s Reply Br. 3 (citing *Dunn v. Riley*, 864 A.2d 905, 907 (Del. 2004)). Unlike in *Amalfitano*, GEICO did not concede causation in this case.

[8] 577 A.2d 752 (Del. 1990).

4

where the defendant presented no affirmative medical evidence contradicting the plaintiff's evidence.

7. Although procedurally proper, the Motion for a New Trial is denied.[9] A jury's verdict is presumed correct, and the Court will not disturb the jury's conclusion "unless the evidence preponderates so heavily against the jury verdict that a reasonable juror could not have reached the result."[10] Determining witnesses' credibility is the exclusive province of the jury.[11] "It is settled law that, when an expert's opinion is based on a patient's subjective complaints, and the jury does not find the patient credible, the jury may reject the expert's opinion."[12]

8. The Court cannot find that the evidence in this case favored Plaintiffs so heavily that the jury's verdict was unreasonable. The reason for that conclusion is straightforward: Plaintiffs' complaints largely were subjective and GEICO presented ample evidence from which the jury could have doubted Plaintiffs' credibility and their experts' opinions. First, the jury heard evidence of other possible causes of Plaintiffs' injuries. Both Plaintiffs testified they were involved in

---

[9] *Peters v. Gelb*, 314 A.2d 901, 905 (Del. 1973) ("There is no special reason why a motion for a new trial must be preceded by a motion for a directed verdict when joined with a motion for a judgment n.o.v. while there exists no prerequisite to an independent motion for a new trial.").

[10] *Amalfitano*, 794 A.2d at 577 (citing *Storey v. Camper*, 401 A.2d 458, 465 (Del. 1979) (internal quotations and citations omitted)).

[11] *Young v. Frase*, 702 A.2d 1234, 1237 (Del. 1997) ("The jury is the sole trier of fact responsible for assessing the credibility of witnesses.").

[12] *Kossol v. Duffy*, 765 A.2d 952 (Del. 2000) (TABLE) (citing *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988)).

previous and intervening accidents resulting in injuries similar to those they attributed to the November 26, 2011 and August 26, 2012 accidents. For example, Ms. Pabon was involved in motor vehicle accidents in May 2010 and October 2013 and had a knee operation on October 1, 2010. Mr. Jwanisik also was in motor vehicle accidents in 1995, 2004, and October 2011, all of which resulted in neck and back injuries. Specifically, he suffered a spinal cord injury in the 2011 accident and underwent surgery around January 2012. Mr. Jwanisik also testified that he sustained a concussion and injured his neck and back in January 2017 as a result of falling backwards when his chair collapsed.

9. Second, Ms. Pabon's testimony often was inconsistent with her medical records. Ms. Pabon testified that she broke her right toe in the October 2013 accident. When presented with the emergency room records from that accident revealing that she complained of right knee pain, Ms. Pabon insisted she only injured her right toe. Upon the presentation of a doctor's note dated November 8, 2013, stating Ms. Pabon reported "right knee pain after motor vehicle accident," she responded that she did not remember. The jury likewise heard Ms. Pabon testify that, although such complaints were noted in her medical records, she remembered nothing about making right knee-related complaints to her doctors on September 14, 2010, September 21, 2010, November 5, 2010, November 19, 2010, September 7, 2011, July 12, 2011, or February 8, 2012.

10.     Third, GEICO cast doubt on Plaintiffs' experts' testimony by pointing out that the experts' opinions were based on incomplete information. Dr. Raisis stated that his opinion that the November 26, 2011 accident caused Ms. Pabon's right knee injury was based on Ms. Pabon's representation that she was not having any significant complaints before that accident.[13] Dr. Raisis testified that Ms. Pabon reported that before the November 26, 2011 accident she was doing well and was not having any problems with her right knee. He also testified he was unaware of any medical history relating to Ms. Pabon's knee other than a knee operation in 2009.[14] When presented with a number of medical records, including one where Ms. Pabon reported her concern that "everything started" after the October 1, 2010 knee operation, Dr. Raisis testified he was not aware of the October 2010 knee operation, only the operation in 2009.[15] Dr. Mahoney similarly testified that, other than the record relating to a cervical spine fusion, he was not familiar with Mr. Jwanisik's medical records indicating a history of neck and back complaints.[16]

11.     Based on that evidence, the cases on which Plaintiffs rely are distinguishable, and the arguments they advance are unconvincing. In *Maier*, for example, both parties' medical experts agreed that Maier had suffered an injury as a

---

[13] Dr. Raisis Dep. 22-23.
[14] *Id.* at 18, 21, 22, 23.
[15] *Id.* at 29-30.
[16] Dr. Mahoney Dep. 43.

result of the accident, while here such causation vigorously was disputed.[17] In *Reuling*, counsel did not elicit any testimony from either doctor that would have changed their opinion as to the cause of the surgery.[18] During both doctors' cross-examination here, counsel revealed the doctors' opinions were based on incomplete and inconsistent information from both Plaintiffs. The jury, having heard the many inconsistencies, apparently discredited Plaintiffs' testimony and the opinions of their experts.[19] These inconsistencies formed a reasonable basis for the jury to reject the doctors' opinions, and it therefore was reasonable for the jury to conclude Mr. Jwanisik's injuries could not be attributed to the August 26, 2012 accident and Ms. Pabon's injuries could not be attributed to the November 26, 2011 accident. Accordingly, the verdict was not against the great weight of evidence.

---

[17] 697 A.2d at 749; *see also Kossol*, 765 A.2d 952 (distinguishing *Maier* and holding the jury may reject an expert's opinion where that opinion is based on a patient's subjective complaints and the jury does not find the patient credible).

[18] 577 A.2d 752; *see also Burkett-Wood v. Haines*, 906 A.2d 756, 764 (Del. 2006) (citing *Dunn*, 864 A.2d at 907 (distinguishing *Rueling*, *Maier*, and *Amalfitano* and finding the defendant, during cross-examination, developed evidence calling into question the reliability of the expert's opinion as to causation)).

[19] *Doyle v. Jackson*, 1999 WL 743567, at *2 (Del. Super. July 26, 1999) ("It is also an accepted legal principle and known fact that juries are empowered to, and do reject, medical opinions premised on a patient/plaintiff's complaints where it has doubts about the plaintiff's credibility.").

For the foregoing reasons, Plaintiffs' Motion for Judgment as a Matter of Law is **DENIED**, and Plaintiffs' Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Ben T. Castle, Esquire
       Dawn L. Becker, Esquire
       Nicholas E. Skiles, Esquire