# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

JANET STIMSON, Individually, and )
as Personal Representative of the )
Estate of GARY W. STIMSON, )
deceased, )
                        ) C.A. No.: N17C-05-588 ASB
           Plaintiff, )
                         )
      v. )
                         )
A.O. SMITH CORPORATION, et al. )
                         )
           Defendants. )

## ORDER

Submitted: September 28, 2020
Decided: December 22, 2020

*Upon Consideration of Plaintiff's Motion for a New Trial*,

## DENIED.

Michael Collins Smith, Esquire of Balick & Balick, LLC and Ipek Kurul, Esquire of Dalton & Associates, P.A. *Attorneys for Plaintiff*

Susan M. Valinis, Esquire and Brian D. Tome, Esquire of Reilly, McDevitt & Henrich, P.C. *Attorneys for Defendants*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 22nd day of December, 2020, upon consideration of Plaintiff Janet Stimson's (Plaintiff) Motion for a New Trial, Defendant Cleaver-Brooks, Inc's (Defendant) Response in Opposition, the corresponding Reply and Sur-Reply, and oral arguments heard on September 28, 2020, Plaintiff's Motion is **DENIED** for the following reasons:

1.      On December 20, 2019, following a ten-day jury trial in this asbestos negligence and strict liability case, a jury returned a verdict in favor of the sole Defendant. In doing so, the jury found that neither the Defendant nor any of the other non-party entities listed on the verdict sheet[1] failed to meet the standard of care of providing a safe work place or defective product to Gary Stimson (Mr. Stimson).[2]

2.      During trial, the jury heard that Mr. Stimson had worked as a plumber, pipe-fitter, and welder throughout his life. During the time of his employment, Plaintiff alleged that her husband, Mr. Stimson, had been exposed to asbestos containing fibers from various sources from his work. Diagnosed with mesothelioma in January of 2017, he died from the illness one year later.

3.      Each side presented expert testimony on the issue of whether Defendant, or other listed non-party entities, owed a duty to warn Mr. Stimson and whether exposure to these entities' products caused his development of

---

[1] In addition to Defendant, there were thirty other entities listed on the verdict sheet that could have been found negligent or strictly liable to Plaintiff.
[2] *See* Jury Verdict Form, D.I. 418.

1

mesothelioma. Plaintiff's expert, Dr. Castleman, testified that all companies knew of the dangers of asbestos leading back to 1898 but could not quantify any exposure to any entity's product.[3] Plaintiff's expert, Dr. Spaeth, testified that every exposure to asbestos could have contributed to his exposure, but admitted that the extent of contribution from one exposure to another was not measurable.[4] Defendant's experts testified that Mr. Stimson's exposure depended on tools that he would have used and opined about what products, if any, probably caused Mr. Stimson's exposure.[5]

4.      On December 18, 2019, the Court met with counsel and held a two and a half hour prayer conference to finalize the jury instructions and verdict sheet. On December 19, 2019, each side presented their closing arguments to the jury. During Defendant's closing argument, counsel highlighted that if the jury were to accept the testimony of Plaintiff's experts, then this would suggest that other entities besides Defendant had a duty to warn Mr. Stimson.[6]

5.      On Friday, December 20, on the second and final day of deliberations, the jury sent two notes within twenty minutes of each other that contained three separate questions. The relevant question for purposes of this motion was "Why are

---

[3] Defendant's Response to Plaintiff's Motion for a New Trial, D.I. 424, at 3-4 [hereinafter Defendant's Response].
[4] *Id.* at 4.
[5] Plaintiff's Reply in Support of its Motion for a New Trial D.I. 432, at 3-4 [hereinafter Plaintiff's Reply].
[6] *See* Trial Transcript 12/19/2019 at 114:16-18 [hereinafter TT].

companies listed other than Cleaver Brook[s]?"[7]  The Court conferred with counsel and after reaching agreement as to the appropriate response, the Court brought the jury back to the courtroom, addressed the jurors, and directed to resume deliberations.  The jury did so.  Approximately four hours later, it returned a verdict in favor of Defendant.

6.      On January 7, 2020, Plaintiff filed this Motion for a New Trial. Defendant opposed Plaintiff's Motion and the Court heard oral argument on September 28, 2020.  This matter is ripe for review.

### Contentions of the Parties

7.      Plaintiff argues that the jury's verdict demonstrated a fundamental misunderstanding of the issues at trial because it was inconsistent with the facts, instructions, and the alleged agreed upon positions of counsel as to certain non-parties' liability.[8]  Plaintiff also argues that the jury's note to this Court asking, "Why are companies listed other than Cleaver Brook[s]?" demonstrates that the jury was manifestly confused.[9]

8.      Defendant maintains that the jury's verdict is supported by the substantial weight of the evidence, and that where Plaintiff failed to meet her burden,

---

[7] Plaintiff's Motion for a New Trial, D.I. 421, at 5 [hereinafter Plaintiff's Motion].
[8] *Id.* at 1.
[9] *Id.* at 5.

a new trial should not be granted.[10]  Defendant also disputes the existence of any agreement related to the liability of certain non-parties.[11]  Finally, Defendant argues that Plaintiff has waived the ability to raise the issue of jury confusion by failing to raise the issue at trial.[12]

## Standard of Review

9.      Under Superior Court Civil Rule 59(a), a new trial may be granted as to all or part of the issues in an action.[13]  The Court has broad discretion in considering a motion for a new trial.[14]  However, such discretion "'should be exercised sparingly and cautiously,' and . . . 'should be invoked only in cases in which the evidence preponderates heavily against the verdict.'"[15]  For this reason, the Court will not upset a jury verdict unless it finds that "'a reasonable juror could not have reached the result,'"[16] or "the jury's verdict is 'clearly the result of . . . confusion[.]'"[17]

---

[10] *See* Defendant's Response.
[11] *Id.* at 3.
[12] *Id.* at 2 n. 8.
[13] *See* DEL. SUPER. CT. CIV. R. 59(a).
[14] *See Storey v. Camper*, 401 A.2d 458, 460 (Del. 1979).
[15] *Id.* (quoting *Miller v. Pennsylvania R.R. Co.*, 161 F. Supp. 633, 640 (D. D.C. 1958)).
[16] *Mitchell v. Haidar*, 2004 WL 1790121, at *3 (Del. Super. Mar. 20, 2008) (quoting *Storey*, 401 A.2d at 465).
[17] *Reinco, Inc. v. Thompson*, 906 A.2d 103, 110-11 (Del. 2006).

**Discussion**

**A. Sufficiency of the Evidence**

10.     Under Delaware law, "the jury is the sole trier of fact responsible for determining witness credibility and resolving conflicts in testimony."[18] When a jury hears conflicting testimony, "the jury should reconcile it . . . [and] give credit to the testimony of those witnesses who . . . appear to the jury to be the most entitled to credit, and reject such testimony as they may deem unworthy of credit . . . ."[19] Jury verdicts are given great deference[20] and presumed to be correct where supported by the evidence.[21] This Court must "yield to the verdict of the jury where any margin for reasonable difference of opinion exists."[22]

<u>Defendant Did Not Concede Nor Agree to Non-party Liability</u>

11.     Plaintiff argues a new trial is warranted because "no reasonable jury could have found that no entity was negligent or strictly liable" where Defendant admitted as much in its closing argument after counsel pointed out that certain non-parties, specifically CertainTeed, caused Mr. Stimson's mesothelioma.[23] Defendant argues that closing arguments are not evidence, nor did it agree to concede liability

---

[18] *Jackson v. State*, 770 A.2d 506, 515 (Del. 2001).
[19] *Gatta v. Philadelphia, B. & W.R. Co.*, 83 A. 788, 792 (Del. Super. 1911).
[20] *Keener v. Isken*, 58 A.3d 407, 409 (Del. 2013).
[21] *Dunn v. Riley*, 864 A.2d 905, 906 (Del. 2004).
[22] *Storey v. Castner*, 314 A.2d 187, 193 (Del. 1973).
[23] Plaintiff's Motion, at 3.

5

as to CertainTeed or any entity.[24] A review of the record supports a finding that Defendant did not concede liability as to other entities either through the evidence or via closing arguments.

12. The jury received multiple instructions that counsel's remarks—intended only to highlight facts most persuasive to their cases—were not evidence.[25] During her closing remarks, Defendant's counsel stated "[i]f you take what Dr. Castleman says as true, all of these companies should have warned, too."[26] To the extent counsel suggested liability may attach to other entities, she was careful with her words, conditioning any such finding on the jury's willingness to accept the opinions of Plaintiff's experts. She merely argued that *if* the jury chose to accept Dr. Castleman's testimony, it would suggest that other companies would have had a duty to warn of the asbestos in their products and failed to do so. That the jury chose not to accept the testimony was within their province.

13. The Court finds that Plaintiff does not establish that any comments during oral arguments were inconsistent with the facts, the instructions, or that there was any agreement as to certain non-parties' liability. Plaintiff fails to establish entitlement to a new trial on this argument.

---

[24] Defendant's Response, at 3.
[25] TT 12/19/2019 at 19:10-22, 147:1-18.
[26] *Id.* at 114:16-18.

<u>Jury Did Not Ignore Weight of Evidence Through Expert Opinions</u>

14.     Plaintiff next argues that the jury ignored the weight of the evidence because of specific statements made by Defendants' expert about other non-parties' negligence and specifically, that CertainTeed was responsible for Mr. Stimson's injuries.

15.     Plaintiff advances that where the jury heard testimony about the exposure from cement pipes, this evidence pertained only to CertainTeed's piping, and the jury should have found CertainTeed liable.  In support, Plaintiff points to the testimony of Defendant expert, John Henshaw, an industrial hygienist, who stated that "depending on the tools used – and [Mr. Stimson] talks about using tools – that could generate exposures well above the threshold limit value, and above the OSHA standard …."[27]  Plaintiff further highlights that liability was established against CertainTeed when Defendant expert, Dr. Graham stated that "[t]hermal insulation and *probably* asbestos cement pipe[]"[28] caused Plaintiff's injuries.  As such, Plaintiff argues the jury's verdict finding CertainTeed not negligent is against the weight of the evidence.  Not so.

16.     This Court abides by the principle that a "jury is entitled to evaluate the testimony and to accept the portion it finds to be believable and to reject the

---

[27] TT 12/17/2019 at 88:8-11.
[28] TT 12/18/2019 at 47:12-18 (emphasis added).

7

balance."[29]  That is what the jury did here.  It is not for the Court to decide whom the jury should have chosen to credit or discredit.[30]  Mr. Henshaw acknowledged that Mr. Stimson used certain tools in his trade but did not opine that such tools would be the type to generate exposure.  The jury reasonably could have concluded that the tools Mr. Stimson used did not generate the exposure that caused his mesothelioma.

17.     Though Plaintiff argues that the experts agreed that exposure to asbestos cement pipes was a substantial contributing factor to Mr. Stimson's disease and that CertainTeed was the only entity who manufactured the pipe, Dr. Graham did not indicate the exposure was a substantial contributing factor; rather that it was probable.[31]  Thus, Plaintiff failed to meet her burden and establish what exposures contributed to her husband's development of mesothelioma.[32]

18.     Further, since Plaintiff's own experts admitted that quantifying the amount of exposure to asbestos from any specific entity's product was impossible,[33]

---

[29] *Lee v. A. C. & S. Co.*, 1987 WL 16746, at *1 (Del. Super. July 22, 1987) (citing *DeBernard v. Reed*, 277 A.2d 684, 686 (Del. 1971)).

[30] *See Beatty v. Smedley*, 2003 WL 23353491, at *3 (Del. Super. Mar. 12, 2003) ("[I]n trials by jury, the jurors, not the judge, determine when a witness – including an expert witness – is credible and when the witness is not credible.").

[31] *See* TT 12/18/2019 at 47:12-18.

[32] *See Lee*, 1987 WL 16746, at *1 (citing *Oberly v. Howard Hughes Medical Inst.*, 472 A.2d 366, 386 (Del. Ch. 1984)).

[33] Dr. Castleman testified that "[m]ost people who got exposed to gaskets got exposed to other asbestos products, so it's not so simple to blame it on the gaskets or know what share of the blame is attributable to the gaskets because they were exposed to multiple products" TT 12/11/2019 at 12:9-13:4; Dr. Spaeth when testifying about different exposures admitted that

8

it was reasonable for the jury to conclude that Plaintiff failed to meet her burden of proof. Plaintiff's attempt to target non-party CertainTeed in order to suggest Defendant should re-defend its case is without merit.

<u>Plaintiff's Reliance On Authority Does Not Support Granting A New Trial</u>

19. Plaintiff also argues a new trial is necessary because where there was conclusive evidence of an injury, the jury's failure to award any damages is against the weight of the evidence. In support of its argument Plaintiff cites to *Maier v. Santucci*[34] and *Amalfitano v. Baker*.[35] Both are distinguishable from the case at bar.

20. Though *Maier* and *Amalfitano* involved personal injuries, they were not asbestos cases. They involved automobile accidents and, more significantly, the defendants there conceded liability.[36] The cases went to a jury on the sole issue of damages.[37] In *Amalfitano*, the defense presented no contrary evidence to the plaintiff's expert witnesses regarding damages.[38] In *Maier*, the defendant admitted that the plaintiff suffered injuries but contested the extent of those injuries.[39] In each case, the jury returned a verdict of zero dollars.[40] The Supreme Court ruled in each

"sorting out the extent of one contribution from one exposure and other contribution from another exposure is not really possible" TT 12/13/2019 at 97:14-98:9.

[34] *Maier v. Santucci*, 697 A.2d 747 (Del. 1997).
[35] *Amalfitano v. Baker*, 794 A.2d 575 (Del. 2010).
[36] *Amalfitano*, 794 A.2d at 575; *Maier*, 697 A.2d at 748.
[37] *Amalfitano*, 794 A.2d at 575; *Maier*, 697 A.2d at 748-49.
[38] *Amalfitano*, 794 A.2d at 576.
[39] *Maier*, 697 A.2d at 749.
[40] *Amalfitano*, 794 A.2d at 576; *Maier*, 697 A.2d at 749.

case that when evidence of injury was not contradicted, an award of zero dollars was against the weight of the evidence.[41]  Unlike *Amalfitano* and *Maier,* Defendant here disputed liability and Plaintiff failed to get past that hurdle.  Since she never reached the issue of damages, reliance on these cases is misplaced.  For the reasons stated above, the Court finds that jury's verdict was not clearly against the weight of the evidence that entitles Plaintiff to a new trial.

### B. Jury Confusion

21.     Plaintiff argues a new trial should be granted because "the jury was irreconcilably confused"[42] when it asked, "[w]hy are companies listed other than Cleaver Brook[s]?"[43]  In addition to arguing that Plaintiff failed to preserve its right to argue jury confusion at trial,[44] Defendant maintains the jury was not confused by the Court's instructions as reflected by the fact that after it received a response from the Court, it was capable of returning a verdict.[45]  This Court agrees.

22.     Superior Court Civil Rule 46 requires a party to "state his objections to anything taking place during trial, [otherwise] his failure to do so prevents him from urging the point on appeal."[46]  "Counsel must preserve alleged errors committed by the Court, by timely and sufficient objections and requests, if he wishes to assert

---

[41] *Amalfitano*, 794 A.2d at 576; *Maier*, 697 A.2d at 749.
[42] Plaintiff's Motion, at 5.
[43] *Id.*
[44] Defendant's Response, at 2 n. 8.
[45] *Id.* at 6.
[46] *Hamilton v. Wrang*, 221 A.2d 605, 606 (Del. 1966).

10

such matters as grounds for new trial."[47] When an attorney fails to object, the Court will only review a claim to determine whether plain error exists.[48] Plain error exists when the party seeking review "demonstrates deprivation of a substantial right or manifest injustice."[49]

23. Notably, the jury began their deliberations on Thursday, December 19 at approximately 1:15 pm. A verdict was returned on the following late afternoon, the Friday before the holiday week and on the last day of their jury duty. It was during this second and final day of deliberations that the jury sent two notes. Some questions related to what would happen if they could not reach a verdict. In order to provide them with options, the Court explained to the jury that though only expected to stay through Friday, they could return for further deliberations the following Monday if they unanimously agreed to do so.[50]

24. As to the remaining questions in both notes specifically as to Cleaver Brooks and why other companies were listed on the verdict sheet, it was agreed that a revised instruction would be provided. After answering the jury's questions, the jury proceeded to deliberate for several hours before returning a verdict.

---

[47] *McLeod v. Swier*, 2016 WL 355123, at *4 (Del. Super. Jan. 27, 2016) (quoting *State v. Halko*, 193 A.2d 817, 830 (Del. Super. 1963)) (internal quotations omitted).
[48] *Burroughs v. State*, 988 A.2d 445, 449 (Del. 2010).
[49] *Id.*
[50] TT 12/20/19 at 37:10-38:4.

25.      Plaintiff's counsel had two opportunities to object to the issue of jury confusion.  The first occurred after the Court had received two notes from the jury within a twenty-minute time span.  After conferring with counsel, the Court brought the jury into the courtroom and provided an agreed-upon response to both notes, including a revised instruction.  After the jury was sent back to resume deliberations, the Court asked counsel for the parties' positions:

> THE COURT:      All right. Any exceptions or any objections that you wish to note for the record with respect to how the answers were provided to the jury or how the new instructions were read?
>
> MR. BARRY:      No, Your Honor.
> (for Plaintiff)
>
> MS. VALINIS:    No, Your Honor.[51]
> (for Defendant)

After the jury returned a verdict and left the courtroom, Plaintiff was given a second opportunity:

> THE COURT:      Any applications that need to be made at this time? Mr. Barry?
>
> MR. BARRY:      Your Honor, at this time we would just ask to preserve our appellate rights as to the verdict under the theory no reasonable jury could have reached these verdicts based on the evidence as asserted under both negligence and products liability.
>
> THE COURT:      All right. Thank you.[52]

---

[51] *Id.* at 42:13-18.
[52] *Id.* at 74:13-21.

26.     Since Plaintiff first raised this issue in her motion, she failed to preserve her objection of jury confusion at trial.  Since she failed to object, this Court reviews and finds no plain error to review the claim.  Even if the objection had been raised, the Court finds no merit to the argument.  Though the jury sent two notes seeking direction, counsel for both sides provided input as to the appropriate response, and this Court instructed the jury accordingly.  The jury then sent no further questions and returned a verdict.  Where a jury is presented an answer to its question and fails to seek further clarification, the jury demonstrates elimination of any prior misunderstanding.[53]  This untimely argument does not warrant a new trial.

## Conclusion

The factual findings of the jury will not be disturbed because there is competent evidence upon which the verdict could be reasonably based.  Plaintiff has not met her burden under Superior Court Rule 59 to show she is entitled to a new trial. The verdict was not against the great weight of the evidence and Plaintiff failed to preserve her right to argue jury confusion.  Therefore, Plaintiff's Motion for a New Trial is **DENIED**.

---

[53] *See Reeves v. American Airlines, Inc.*, 408 A.2d 283, 284 (Del. 1979) (citing *Storey v. Castner*, 314 A.2d 187 (Del. 1973)).

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: All Counsel on Record (*via e-filing*)

14