SUPERIOR COURT
OF THE
STATE OF DELAWARE

**MEGHAN A. ADAMS**
**JUDGE**

**LEONARD L. WILLIAMS JUSTICE CENTER**
**500 NORTH KING STREET, SUITE 10400**
**WILMINGTON, DELAWARE 19801**
**(302) 255-0634**

December 5, 2024

Cynthia G. Beam, Esquire
Reger Rizzo & Darnall LLP
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803

Jeffrey A. Young, Esquire
Young & McNelis
300 South State Street
Dover, DE 19901

> RE: *Schoenborn v. Schoenborn*
> C.A. No.: N23C-05-112 MAA

Dear Counsel:

This is the Court's Letter Opinion regarding Defendant Henry Schoenborn's ("Defendant") Motion for Remittitur ("Motion")[1]. For the reasons stated herein, the Motion is **DENIED**.

## Facts[2]

On June 6, 2021, Defendant was dropping off his sister, Plaintiff Catherine Schoenborn ("Plaintiff"), at a Goodwill store in Wilmington, Delaware. Defendant proceeded to drive away from the storefront before Plaintiff fully exited the vehicle, causing Plaintiff to be dragged by the moving car. An ambulance then transported

---

[1] D.I. 36 ( Motion).
[2] Unless otherwise noted, the facts are drawn from the Joint Pre-Trial Stipulation (D.I. 25).

Plaintiff to the emergency room at Christiana Hospital. As a result of the accident, Plaintiff suffered from a broken femur, among other injuries. On October 8, 2024, a jury found Defendant negligent, awarding Plaintiff $94,000 in damages.[3]

## Standard of Review

"A motion for… remittitur is directed to the sound discretion of the trial court."[4] "Under Delaware law, enormous deference is given to jury verdicts."[5] When considering remittitur, "the trial court must evaluate the evidence and decide whether the jury award falls within a supportable range."[6] Remittitur is appropriate when the jury's verdict "is so grossly disproportionate to the injuries suffered so as to shock the Court's conscience and sense of justice."[7] The Court will not disturb the jury's verdict as excessive "unless it is so clear as to indicate that it was the result of passion, prejudice, partiality, or corruption; or that it was manifestly the result of disregard of the evidence or applicable rules of law."[8] "[A] verdict will not be set aside simply because it is excessive in the mind of the Court, but only where, under the attendant facts, a grossly excessive verdict is clearly manifest."[9]

---

[3] D.I. 34.
[4] *Broderick v. Wal-Mart Stores, Inc.*, 2002 WL 388117, *1 (Del. Super. Feb. 27, 2002) (*citing Clough v. Wal-Mart*, 1997 WL 528313, *1 (Del. Super. July 30, 1997); *aff'd* 712 A.2d 476 (Del. 1998)).
[5] *Young v. Frase*, 702 A.2d 1234, 1236 (Del. 1997).
[6] *Reid v. Hindt*, 976 A.2d 125, 131 (Del. 2009) (citation omitted).
[7] *Maier v. Santucci*, 697 A.2d 747, 749 (Del. 1997) (citation omitted).
[8] *Storey v. Castner*, 314 A.2d 187, 193 (Del. 1973) (citation omitted).
[9] *Id.*

## Analysis

Defendant, in his Motion, argues only $67,500.00 of "compensatory damages" out of the jury's $94,000.00 verdict is appropriate. According to Defendant, the medical bills and special damages in the amount of $26,494.49 should not have been permitted to go to the jury.[10]

Defendant argues the Court erred in allowing Plaintiff to re-open Plaintiff's case in chief to admit certain medical bills and medical liens and that these exhibits led to the special damages of $26,494.49 awarded by the jury.[11] As such, Defendant argues the evidence only supports a compensatory damages aware of approximately $67,500.00 in compensatory damages is appropriate in this case.[12]

Defendant's Motion is merely a re-hash of arguments presented to, and rejected by, the Court at trial. As the parties recall, during Plaintiff's testimony, Defendant's counsel objected to certain evidence, and the Court directed Plaintiff's counsel to redact certain exhibits. Plaintiff's counsel did so, but not until the evening after Plaintiff had already stepped down from the witness stand. Defendant cannot argue surprise or prejudice about the exhibits. The Court also provided Defendant

---

[10] Motion ¶ 5.

[11] *Id.*

[12] *Id.* ¶3. The Court also notes Defendant cannot credibly state that the $94,000 judgment is excessive as evidenced by the Offer of Judgment of $175,000 filed by Defendant prior to trial. D.I. 28.

the opportunity to examine Plaintiff about the exhibits, but Defendant declined to do so. Instead, Defendant appears to be trying to use a "gotcha" moment to support his Motion. The Court will not permit such gamesmanship, and any decision by the Court during trial can be challenged by Defendant on appeal.

As a final matter, the Court will address Defendant's timeliness argument. On November 6, 2024, Defendant's counsel wrote the Court, arguing that Plaintiff failed to timely respond to his Motion citing Superior Court Civil Rule 59(b).[13] Defendant is mistaken.

"The relief sought is the determinative factor in the classification of a motion under Rule 59, not the labels used by the parties."[14] Superior Court Civil Rule 59(b) governs a motion for a new trial.[15] Defendant's Motion asks the Court for remittitur of the special damages awarded by the jury. The proper analysis for timeliness of a motion for remittitur is Pursuant to Superior Court Civil Rule 59(d), as this is a Motion to Alter or Amend a Judgment.[16] Rule 59(d) sets no time limit for a response to such a motion. "A motion for new trial or remittitur is directed to the sound

---

[13] D.I. 37. Plaintiff filed her response to the Motion on November 7, 2024. (D.I. 39).

[14] *Nicholson v. Sullivan*, 1993 WL 542297, *1 (Del. Dec. 6, 1993).

[15] *See* Del. Super. Ct. Civ. R. 59(b) ("The motion for a new trial shall be served and filed…").

[16] *See* Del. Super. Ct. Civ. R. 59(d) ("A motion to alter or amend the judgment shall be served and filed not later than 10 days after entry of the judgment."); *See e.g. Stroot v. New Haverford P'ship,* 793 A.2d 411, 412 (Del. Super. 1999), *aff'd,* 772 A.2d 792 (Del. 2001) ("Before the Court is Defendants' motion for remittitur and relief from the jury verdict, *pursuant to Superior Court Civil Rule 59(d)*, contending that the damages award to plaintiffs Stroot and Watson is speculative and that it is so excessive that it should shock the judicial conscience." (emphasis added)).

discretion of the trial court."[17]  Thus, even if Plaintiff failed to timely file a response, the Court sees no reason to grant Defendant's Motion.

For the reasons stated herein, Defendant's Motion for Remittitur is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **Meghan A. Adams***

Meghan A. Adams

MAA/ls
cc:    Prothonotary

---

[17] *Broderick v. Wal-Mart Stores, Inc.,* 2002 WL 388117, *1 (Del. Super. February 27, 2002) (*citing Clough v. Wal-Mart,* 1997 WL 528313, *1 (Del. Super. July 30, 1997); *aff'd* 712 A.2d 476 (Del. 1998)).